Webster–Gruber Marble Company, Appellant, v. Mary Dryden et al.

Contract to Sell a Particular Thing: SUBSTITUTION OF ANOTHER. Defendant agreed to buy a particular monument, represented to be perfect. Thereafter, she refused to take it because of an alleged flaw in one of the stones. To avoid this objection, plaintiff, without the consent of defendant, substituted a flawless stone. Held, that defendant, having failed to deliver the thing contracted for, could not recover on the contract.

Appeal from Louisa District Court.—Hon. A. R. Dewey, Judge.

Monday, January 29, 1894.

The defendants signed and delivered to the plaintiff the following instrument:

"$450.00.                                        No. ——.

"Morning Sun, Iowa, Nov. 26, 1890·

"I have this day bought of the Webster-Gruber Marble Company, to be delivered at Virginia Grove Cemetery during the month of December, 1890, or within a reasonable time thereafter, one combination Georgia sarcophagus monument, design No. ——, selected, now in stock. * * * For the material, work, and labor as performed above, I promise to pay the Webster-Gruber Marble Company, or order, on

delivery of the above work, four hundred and fifty and 00-100 dollars, and reasonable attorney's fee in case action is commenced hereon; and I also agree that I will not countermand this order. It is also agreed that the Webster-Gruber Marble Company shall have full control of said work until fully paid for. It is hereby also expressly agreed and understood that the foregoing embodies all the agreements made between us in any way. I hereby waive all claims of verbal agreements of any nature not embodied in this order. The above sum to draw interest at eight per cent. per annum from time of delivery.

"MARY DRYDEN,
"SARAH A. MUNSHOWER,
"LAURA O. HENDERSON."

The defendants refused to receive the monument, or permit it to be erected, and this action is to recover the contract price. At the close of the testimony the defendants moved the court to direct a verdict in their favor "upon the facts as disclosed," which the court sustained, and from a judgment the plaintiff appealed. —*Affirmed.*

*Jayne & Hoffman* and *L. A. Reiley* for appellant.

*Blake & Blake* for appellees.

GRANGER, C. J.—It will be seen, by reference to the written contract, that it was for the particular stone then in stock and selected. The contract was signed at the home of Mrs. Dryden, and none of the defendants had seen the stone, nor did they have any knowledge of it, except through the agent of the plaintiff company who solicited and obtained the order. A defense to the action is based on misrepresentations as to the character of the stone specified. The day after the contract was signed Mrs. Dryden went to the shops of plaintiff, in Muscatine, and she was shown the mon-

ument designated in the contract, and she declined to receive it, because it contained a flaw, and was imperfect. She looked over the stock, and found a three hundred and fifty dollar monument that she liked, and wanted to change the order and take that. The company declined to make the change, but consented to make changes in the order so that the amount of the purchase should not be reduced. She declined to receive any but the three hundred and fifty dollar monument, and on the next day notified the company in writing that she would not accept the monument specified in the agreement. The secretary of the plaintiff, who was the agent with Mrs. Dryden at the shops, says in his evidence that when the notice was served there had been no work done toward lettering the monument. He says also that the flaw she complained of was not really a flaw, but "I told her we would make it all right; * * * that we would get another stone to replace the one she objected to; * * * that we wanted to make it satisfactory to her, and I told her we would try to do so; * * * told her we did not propose to sell her an imperfect monument." Thereafter the plaintiff proceeded with the contract on its part by putting in a foundation at the grave, and putting thereon a base stone properly lettered. This base stone was the one forming a part of the monument shown Mrs. Dryden at the shops. The plaintiff proceeded to complete a monument of the kind contracted for, and to that end, and to avoid the complaints as to imperfections, it ordered other stones from the quarries in Georgia, polished and lettered them to conform to the contract, shipped them to the cemetery, and would have put them in position but for the interference of the defendants, who had already moved the base and a part of the foundation placed there by plaintiff, and had secured another monument, that was in position. It may be well to here state that the record nowhere

indicates that the defendants ever authorized, by word or act, any change in the contract, as from the stones in the monument when bought, to others, to avoid the objections, and a ground of defense is that the monument that plaintiff attempted to place in position was not the one purchased. As to what we regard as controlling facts in the case there is no dispute, and they are substantially as follows: A particular monument was purchased, of which complaint was afterward made, and there was a refusal to accept it as it was, or with other stones, that would remove the flaws which were the grounds of objection. Plaintiff, with a view to enforce performance on the part of defendants, did the work and incurred the expense necessary to comply on its part. It, however, used other stones for the part of the monument above the base, and we are to say whether such a compliance will authorize recovery for the contract price. It is a case in which the parties are especially relying on their legal rights. We are satisfied that, before seeing the monument, defendants did not intend to take it if they could avoid it. We are also satisfied that plaintiff, while willing to make changes that would be of no detriment to it, would not do more, and insisted on every advantage the contract gave. Did the contract authorize the change made? We think not. It was not a purchase of a monument of a particular kind, but a purchase of a particular monument of a particular kind,—one in stock, selected. If the stones were imperfect there was no sale, for it is agreed that the intention was to sell a perfect monument. The sale of an imperfect monument for a perfect one would not be a sale of one that was perfect of the same kind. It was the sale of a particular article. If the monument was not imperfect the plaintiff had the right to perform its contract, and recover, but it must perform by delivering the particular thing purchased. If it was imperfect, then the

order was obtained by misrepresentation, and conferred no rights upon plaintiff. So that in either event, whether the change was made to avoid an unfounded complaint as to flaws or to remedy an actual defect, the result is the same. In the case of an actual defect it was the plaintiff's duty to treat the contract as of no force. In the other case it was its duty to disregard complaints, and deliver the article sold if it designed a legal enforcement of its rights. The contract provides that the defendants will not countermand the order. Appellant places much reliance on that particular provision, and refers to the case of *McAllister v. Safley*, 65 Iowa, 719, 23 N. W. Rep. 139. With our disposition of this case, that one has no applicability. The holding there is that an unconditional contract for the delivery of a monument gives no right of rescission. Plaintiff's right of recovery is not denied on the ground of a rescission of the contract by defendants, but on the ground of nonperformance on its part. There are some complaints as to the admission of testimony, but no disposition of them could affect the conclusion we reach, and it is not important to consider them. The judgment is AFFIRMED.