## BROWN v. DAVIDSON.

No. 3650.    Opinion Filed July 28, 1914.

(142 Pac. 387.)

1.    CONTRACTS—Construction—Question for Court.  A binding contract may be made through the medium of letters and telegrams passing between the parties; and, in case such contract is made solely through such means, its construction is a question of law for the court.

Opinion of the Court.

2.  SALES—"Warranty." A "warranty" is an express or implied statement of something which a party undertakes shall be part of a contract, and, though part of the contract, collateral to the express object of it.

3.  SALES—Warranty—Effect of Description. The mere selling of an article by a particular description of the thing sold does not involve the question of warranty; in such case, if the thing delivered is not according to the description, it is a nonperformance upon the part of the seller of his contract.

4.  SAME—Breach by Seller—Remedy of Buyer. If the sale is of a described article, the tender of an article answering the description is a condition precedent to the purchaser's liability; and, if the condition is not performed, the purchaser has the right to reject the article, or if he has paid for it, to recover the price as money had and received for his use.

5.  SAME—Acceptance of Defective Property—Liability of Buyer. Where an article, in this case a colt, has been sold by description, and is shipped to the purchaser who receives same, and examines it, and finds it does not in all things answer the description, but who with full knowledge of the defects in the article, and of wherein it fails to correspond with the description by which it was sold, keeps the same, and writes the seller that he will pay the balance of the purchase price, it is an acceptance of the article, and the purchaser will be compelled to pay the purchase price.

6.  SAME—Estoppel. Where there is no express warranty accompanying a description of personal property and the buyer, after inspection and full opportunity to examine, accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description.

(Syllabus by Brewer, C.)

*Error from County Court, Alfalfa County;*
*F. M. Guston, Judge.*

Action by L. E. Brown against Charlie Davidson. Judgment for defendant, and plaintiff brings error. Reversed.

*W. Wilder,* for plaintiff in error.

*A. C. Beeman,* for defendant in error.

Opinion by BREWER, C. L. E. Brown, as plaintiff below, sued Charlie Davidson in the county court of Alfalfa county to recover on a promissory note secured by a chattel mortgage. The controversy arose in the following manner: Defendant bought a thoroughbred pedigreed colt from the plaintiff, who lives in

Illinois. The contract of sale was made through the medium of correspondence solely, consisting of at least seventeen letters which passed between the parties. There were no oral communications relative to the matter. The result of the correspondence was that Davidson bought from Brown a colt, registered as Oklahoma Bond, for which he paid $150 cash and the express charges from Illinois to Oklahoma, and gave his note for $150, due one year thereafter at 8 per cent. interest, secured by a chattel mortgage on the colt purchased and another animal. When sued upon the note, defendant pleaded a failure of consideration, breach of warranty, and false representations upon the part of plaintiff in making the sale, and asked for damages in a sum in excess of the note sued on. To this answer the plaintiff filed a reply, denying generally and specifically the material averments of the answer, and setting up and exhibiting the correspondence which constituted the contract of sale between the parties. The jury found the issues for the defendant, which in effect discharged him from liability on account of the note, and gave him a small judgment in excess thereof, over and against the plaintiff, from which judgment and to have same reviewed, the plaintiff brings the case to this court as plaintiff in error on case-made properly certified.

A number of questions are presented in the petition in error and are argued in the briefs, but as we view the case but few of them will need consideration.

It is admitted by both sides that the entire contract involved in this suit is to be gathered from the correspondence passing between the parties relative to the transaction. Therefore the construction of the contract is for the court. There is no doubt but that a complete and binding contract of sale can be made by means of letters and telegrams, and it has been held that in such a case the construction of the contract and its legal effect is for the determination of the court. *Culbertson v. Mann*, 30 Okla. 249, 120 Pac. 918; *Amer. Job. Ass'n v. James*, 24 Okla. 460, 103 Pac. 670.

In the instant case the contentions of the defendant narrowed down in the evidence to the claim that the colt had a physical defect, known in horse parlance as "toeing out." There is some proof that he was thus imperfect. There is other proof that he was not. It is also shown in the evidence that when the colt was received he was in very thin flesh, and was not a good-looking colt, and that the purchaser was greatly disappointed in his appearance. We have examined the correspondence that passed between these parties, which constitutes the contract of sale between them, and it fails to disclose any kind of an express warranty upon the part of the seller. The seller in the correspondence does, however, furnish the history and a general description of the animal. The question of whether or not the colt "toed out" or "toed in" is not referred to in the correspondence of the seller, although in the letter written by the purchaser these points are mentioned and the statement is made that a colt with either of these defects is not wanted. The thing, however, which in our judgment fixes the rights of the parties in this suit grows out of the fact that after the correspondence was had ·between the parties the colt was shipped to defendant and received by him at Carmen, Okla., and taken out to his farm near by, where he, together with neighbors, inspected and examined the animal thoroughly after its arrival, and discovered that it "toed out," and was for that reason defective, yet with this inspection and full knowledge of its condition, and within two or three days after it had been received, the defendant wrote plaintiff a letter acknowledging receipt of the animal, and, while he complained bitterly that he was disappointed in its appearance, in its state of flesh, and that it did not come up to the description given of it, yet that: "I will pay you the balance when it is due." Without other protest or complaint or offer to return the property, he kept the colt, and still had him at the date of the trial, nearly two years thereafter.

In Benjamin on Sales, p. 798, sec. 918, we find a very clear statement of the law applicable to this case, as follows:

"When the vendor sells an article by a particular description, it is a condition precedent to his right of action that the thing

which he offers to deliver, or has delivered, should answer the description. Lord Abinger protested against the confusion which arises from the prevalent habit of treating such cases as warranty, saying: 'A good deal of confusion has arisen in many of the cases upon this subject, from the unfortunate use made of the word, "warranty." Two things have been confounded together. A warranty is an express or implied statement of something which a party undertakes shall be part of a contract, and though part of the contract, collateral to the express object of it. But in many of the cases, the circumstance of a party selling a particular thing by its proper description has been called a warranty, and the breach of such a contract a breach of warranty; but it would be better to distinguish such cases as a noncompliance with a contract which a party has engaged to fulfill; as, if a man offers to buy peas of another and he sends him beans, he does not perform his contract, but that *is* not a warranty; there is no warranty that he should sell him peas—the contract is to sell peas—and if he sell him anything else in their stead, it is a nonperformance of it.' There can be no doubt of the correctness of the distinction here pointed out. If the sale is of a described article, the tender of an article answering the description is a condition precedent to the purchaser's liability, and if this condition be not performed, the purchaser is entitled to reject the article, or if he has paid for it, to recover the price as money had and received for his use; whereas, in case of warranty, the rules are very different, as will appear post. Book V, part. II, chapter 2."

See, also, Cyc. vol. 35, pp. 222-229, and citations.

The defendant is an experienced horseman; has been in the horse-racing business five or six years; owns other racing horses he has raised; in his testimony he admits receiving the colt in person and examining him, and that he "toed out" when received, and yet, with full knowledge of the only matter of which he now seriously complains, he kept the horse and renewed in writing his promise to pay the full balance due under the terms of sale. It may be added that "toeing out" or "toeing in" is a physical defect, resulting from the malformation of the front legs, and of course is one that is patent and observable upon an examination of the animal. The facts of this case, therefore, bring it squarely within the rule announced by the Territorial Supreme Court in the case of *Brown v. Baird et al.,* 5 Okla. 133, 48 Pac. 180, wherein it is said in the syllabus:

"Where there is no express warranty accompanying a description of personal property and the buyer, after inspection and with full opportunity to examine, accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description."

This rule works no hardship when applied to cases like this. Upon receipt of the horse if it was found that he did not come up to the description given of him, defendant could have so advised the seller, repudiating the sale, and demanded the advance payment back. If what he had paid out had been returned to him and the colt taken back, he would have been unhurt; if it had not, and he could prove his contention that it was not such an animal as he had contracted for, he could have recouped his damages. But with full knowledge he chose to affirm the sale and renew his promise to complete the payment when due. There is much conflict in the evidence as to defendant's claim, but we are assuming that it is true, and with this assumption in his favor he has, under the record, no defense to the note, when the law is properly applied to the admitted facts.

The cause should be reversed, and further proceeding had in conformity to the views of the law herein expressed.

By the Court: It is so ordered.