## TALLEY v. HARRISON.

No. 7312—Opinion Filed July 25, 1916.

(159 Pac. 366.)

**Sales — Implied Warranty — Inspection by Buyer.**

Where there is no express warranty accompanying a description of personal property, and the buyer, after inspection and with full opportunity to examine, accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description.

(Syllabus by Rummons, C.)

Error from County Court, Tulsa County; Conn Linn, Judge.

Action by M. A. Harrison against H. B. Talley. Judgment for plaintiff, and defendant brings error. Affirmed.

S. S. Bassett, for plaintiff in error.

Lydecker & Steele, for defendant in error.

Opinion by RUMMONS, C. This case was commenced before a justice of the peace of

Tulsa county, by the defendant in error against the plaintiff in error, to recover the sum of $3.55 for chicken wire sold by defendant in error to plaintiff in error. Plaintiff in error filed his answer and counterclaim, claiming damages in the sum of $40 because of the defective condition of said wire. Upon appeal to the county court, defendant in error had judgment in the sum of $3.55. The motion of plaintiff in error for a new trial having been overruled, he brings this proceeding in error to reverse said judgment.

Plaintiff in error makes several assignments of error which we deem it unnecessary to set out herein, since the undisputed evidence shows that plaintiff in error had an opportunity to investigate the wire complained of before attempting to use it, and after such investigation did use it and still retains it. His only complaint is of the unsuccessful results obtained from the use of said wire, nor does he rely upon any express warranty. The facts bring this case squarely within the rule laid down by the territorial Supreme Court in the case of Brown v. Baird, 5 Okla. 133, 48 Pac. 180, wherein it is said:

"Where there is no express warranty accompanying a description of personal property, and the buyer, after inspection and a full opportunity to examine, accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description."

This rule is followed and adhered to by this court in the case of Brown v. Davidson, 42 Okla. 598, 142 Pac. 387, wherein it is said by Commissioner Brewer, in commenting upon the rule announced in Brown v. Baird, supra:

"This rule works no hardship when applied to cases like this. Upon receipt of the horse, if it was found that he did not come up to the description given of him, defendant could have so advised the seller, repudiating the sale, and demanded the advance payment back. If what he had paid out had been returned to him and the colt taken back, he would have been unhurt; if it had not, and he could prove his contention that it was not such an animal as he had contracted for, he could have recouped his damages. But with full knowledge he chose to affirm the sale and renew his promise to complete the payment when due."

In the instant case, plaintiff in error with full knowledge, according to his own evidence, of the defective condition of the wire sold him by defendant in error accepted it and used it, and still continues to use it. He cannot now be heard to complain that he has been damaged because of the imperfect results obtained by the use of said wire.

We find no merit in the assignments of error presented in the brief of plaintiff in error, and the judgment of the court below should therefore be affirmed.

By the Court: It is so ordered.