## SUMMERS et al. v. HOUSTON.

No. 7761—Opinion Filed Nov. 14, 1916.

Rehearing Denied Jan. 23, 1917.

(162 Pac. 474.)

### Appeal and Error—Review—Verdict.

The instructions in this case examined and approved, and the issues involved having been submitted to the jury, and there being evidence to support the verdict of the jury, the same will not be disturbed upon appeal.

(Syllabus by Hooker, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by J. R. Houston against Dave Summers and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Hatchett & Ferguson and Parker & Simons, for plaintiffs in error.

W. E. Utterback and V. B. Hayes, for defendant in error.

Opinion by HOOKER, C. This suit was instituted by J. R. Houston against Summers and Alderson to recover damages alleged to have been sustained by him by reason of the defendants having sold to him hogs alleged to have been infected with cholera at the time of sale, and it is claimed these hogs communicated the disease to other hogs owned by the plaintiff and as a result of this disease a large number of hogs of

the plaintiff's died, and he was damaged otherwise as stated in the petition. The plaintiff seeks to recover upon a warranty, and also relies and pleads a tort alleging that the hogs were infected with cholera at the time he purchased them, and the defendants knew that fact.

Summons was issued upon the petition which was filed in the district court of Bryan county, and same was served upon the defendant Summers in Bryan county, and on the defendant Alderson in Grant county. Alderson made a special appearance *objecting to the jurisdiction of the court* over his person, alleging that Summers was not interested in this matter as he was an agent of Alderson's which fact was well known to all of the parties, but that he (Summers) was made a party for the sole and exclusive purpose of procuring jurisdiction over the person of Alderson in Bryan county, the home of the plaintiff below, and thereby compelling the defendant Alderson to defend the action in Bryan county. The court overruled this motion, and this is one of the reasons assigned by the plaintiff in error here why this judgment should be reversed.

This court, in the case of Summers v. Gates, 55 Okla. 96, 154 Pac. 1159, said:

"While it is admitted that the rule laid down in Aylesbury Merc. Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 573, controls, which is that: 'Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract, when they all arise out of the same transaction, or transactions connected with the same subject of action, and affect all the parties to the action.'—Yet it is insisted that: 'There are exceptions to this rule, and one is that the causes of action must affect alike the defendants to the action.' But this is the rule above announced by this court, and not an exception; and we fail to see why the case at bar does not come within the rule. The petition ascribes all the wrongs complained of alike to both of the defendants. They were charged as joint tortfeasors, and as being jointly liable for the breach of warranty; and the jury returned a general verdict against them jointly. And, under this state of facts, we are unable to see why the case at bar does not come within the rule above announced by this court."

From an examination of the record here, it appears that the trial court instructed the jury that a recovery could not be had in this case upon an express warranty, and the cause was submitted to the jury upon the two theories, of an implied warranty, and tort. The jury by its verdict said that recovery could not be had here upon an implied warranty, but that the defendants were both liable as tort-feasors. If this verdict be justified by the evidence that was heard in the court below, then the motion of Alderson objecting to the jurisdiction of the court over his person was properly overruled by the trial court. The court informed the jury *that this evidence did not justify a recovery* against the defendants below upon the theory of an express warranty, and the jury held by its verdict the defendants here not liable for any implied warranty. Therefore any evidence of ruling of the court governing the admission of the same or any instruction of the court bearing upon these two propositions may be eliminated from our consideration of this case, and we must determine the case here as an action of tort and view the instructions applicable thereto as well as the evidence introduced supporting the same.

Instruction No. 1 is as follows:

"If you believe from a preponderance of the evidence in this case that the plaintiff bought 20 head of hogs from the defendants about the time alleged, and at the time of the said purchase some or all of said hogs were infected with cholera, and you further find that the defendants had knowledge of such facts and circumstances in relation thereto that would have put a reasonably prudent man upon inquiry, and that by making a reasonable inquiry or investigation the defendants could have ascertained that the said hogs were infected with cholera, then defendants would be liable *to the plaintiff for the* damages resulting from the infected condition of said hogs, including the loss of such as died from the disease of the number purchased, and also such other hogs belonging to the plaintiff which may have died as a result of the disease being communicated to them from the purchased hogs, and reasonable compensation for time and attention, medicine and medical services used and expended on said hogs while sick, and you should find in his favor for said sum."

"Infection," as used in these instructions, means that the hogs must have been affected with the cholera, or that the germs of such disease were in or on them.

Instruction No. 2 is as follows:

"In ascertaining whether or not the defendants or either of them had knowledge of sufficient facts and circumstances indicating that the herd of hogs from which the plaintiff bought the 20 head were infected with the cholera, to put them on inquiry to ascertain whether such condition in fact existed, and to make it their duty to investigate, you will take into consideration all of the surrounding facts and circumstances which have been introduced in evidence. If you find that plaintiff was in possession of all the facts and circumstances of which the de-

fendants had knowledge, then defendants would not be guilty of fraud and deceit, and you should find for the defendants on this phase of the case. And upon this point the burden of proof is upon the plaintiff to show that fact to be true, that defendants had such knowledge, and unless he has established that fact it will be your duty to find for the defendants on this phase of the case."

Upon an examination of the case of Hobbs v. Smith et al., reported in 27 Okla. 834, 115 Pac. 347, 34 L. R. A. (N. S.) 697, which was an action similar to the case at bar, this court said, in speaking of instructions similar to those involved here:

"The foregoing instructions, in our judgment, place as high a burden upon the plaintiffs as defendant could exact. Certainly, if the plaintiffs established that the defendant knew at the time that he sold and delivered to them the hogs that they were infected with cholera, then he would be liable for all resulting damages. Such an act is made a crime under our statute. * * *

"It will be seen that, under the instruction last above noted, the jury were told to find for the defendant if the hogs, although infected with cholera, were not so affected to an extent to be perceived by either party, and, if the defendant honestly supposed his hogs to be free from cholera, the verdict should be for him. This, it seems to us, is all that defendant could demand. When the rules laid down in the foregoing instructions are taken and considered together, and the jury, after hearing all of the evidence, found that these requirements had been met, there can be no doubt about the correctness of a verdict making defendant liable for all the damages flowing from his acts. All of the authorities support this rule."

By examination of the instructions complained of here, we find that the trial court placed the burden upon the plaintiff to prove that the hogs were infected with cholera at the time of their sale to the plaintiff, and that the defendants had knowledge of such facts and circumstances in relation thereto, which would have put a reasonably prudent man upon inquiry; and we find, also, that the court instructed the jury that, if the plaintiff was in possession of all the facts and circumstances of which the defendants had knowledge, the plaintiff could not recover, but the verdict should be for the defendants in the case.

It seems to us within the purview of the decision of this court in Hobbs v. Smith, supra, that the instructions of the trial court fairly submitted these issues to the jury, and, after a very careful consideration of the evidence, we cannot say that there is no evidence here which will support this verdict. If the jury believed these witnesses who testified for the plaintiff below, this testimony, and the inferences to be drawn therefrom, justified the jury in returning a verdict in this case as it did; for the evidence shows that these hogs were diseased at the time they were sold by the defendants to the plaintiff.

Finding no error in this record, we do not feel justified in disturbing the verdict of the jury, as all these questions were submitted to the jury, and upon the evidence they have decided the same adversely to the plaintiff in error.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.