## UNITED IRON WORKS CO. v. HENRYETTA COAL & MINING CO.

No. 7125—Opinion Filed Jan. 2, 1917.

(162 Pac. 209.)

**1. Sales—Compliance—Breach of Warranty.**

Where personal property is sold by particular description and with special reference to specified requirements of the purchaser, the delivery of an article not answering the description nor meeting the specifications is a noncompliance with his engagement by the seller, and not a mere breach of warranty.

**2. Same—Rejection—Right of Purchase.**

Under such circumstances the purchaser may reject the article and refuse payment, where the sale was made on open account.

**3. Same—Contracts—Entirety.**

Where a contract is made for the sale and purchase of two or more distinct articles, each to complement the other, and the acts and conduct of the parties evince a mutual understanding that the contract is entire, a noncompliance with the contract by the seller as to one of the articles authorizes a rejection of all.

**4. Same—Actions—Instruction.**

In such a case, in an action for the purchase price, the seller is not entitled to an instruction declaring the contract severable and authorizing a verdict for the price of such of the articles as do comply with the contract.

(Syllabus by Freeman, C.)

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by the United Iron Works Company, a corporation, against the Henryetta Coal & Mining Company, a corporation. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Geo. Beidleman, for plaintiff in error.
Belford & Hiatt, for defendant in error.

Opinion by FREEMAN, C. Plaintiff in error, as plaintiff below, sued defendant in error, as defendant below, in the county court of Okmulgee county, for the sum of $325 on open account for goods, wares, and merchandise sold and delivered by plaintiff to defendant. The answer was a general denial. The facts as shown by the record were these:

Defendant desired to purchase a weigh pan and scales for use in its coal mine at Henryetta. After some preliminary correspondence the defendant, through its president, J. M. Wise, on April 19, 1912, placed an order by letter with plaintiff, a manufacturer of mining machinery, for one weigh pan, to cost $185, and one automatic scales, to cost $140. Defendant acknowledged receipt of this order by letter on April 20, 1912. April 24, 1912, defendant canceled this order by letter, giving as a reason that there was not room at the mine to install the weigh pan, and the cancellation was acknowledged by plaintiff on April 26, 1912. Plaintiff was to get the scales to fill this order from the Strait Scales Company of Kansas City.

On May 29, 1912, T. J. Baker, salesman and agent for the Strait Scales Company, by direction of his company, called on J. M. Wise, president of the defendant company, at Henryetta, for the purpose of learning more particularly the reasons for canceling the order and to try to get it reinstated. He took with him blue prints of the weigh pan manufactured by plaintiff. As a result of his visit defendant placed a new order, or

reinstated the first one, with plaintiff for a weigh pan and automatic scales at the agreed price, the weigh pan to be built as specified by defendant. This was evidenced by letter of June 26, 1912. Delivery was made August 27, 1912, and soon thereafter defendant notified plaintiff in writing of some objection to the shipment. Just what this objection was is not shown.

On the trial the testimony for the plaintiff tended to show that the weigh pan was built according to the specifications furnished by the defendant, while defendant's testimony was to the contrary effect. The weigh pan and scales were never installed at defendant's mine, but remained in its possession, and this action was brought to recover the purchase price, $325. There was verdict and judgment for defendant, and plaintiff appeals.

Several propositions are presented by the petition in error and argued in the briefs, but it is not considered necessary to notice more than two in reaching a conclusion in this case. Plaintiff's second assignment of error reads:

"Said court erred in admitting evidence on the part of the defendant in support of a defense not pleaded, and over the objection of plaintiff in error."

It is insisted by plaintiff in error that the trial court erred in admitting certain testimony of defendant to show that the weigh pan delivered was not the weigh pan ordered, upon the theory that such testimony tended to establish a warranty, and was inadmissible under a general denial. This contention cannot be sustained, for the reason that there was no element of warranty in the transaction. The sole question upon this branch of the case was: Did the plaintiff deliver the pan which defendant ordered?

In Benjamin on Sales (7th Ed.) sec. 600, the author quotes from Lord Abinger as follows:

"A good deal of confusion has arisen in many of the cases upon this subject from the unfortunate use of the word 'warranty.' Two things have been confounded together. A warranty is an express or implied statement of something which a party undertakes shall be part of a contract, and, though part of the contract, collateral to the express object of it. But in many of the cases the circumstance of a party selling a particular thing by its proper description has been called a warranty, and the breach of such a contract a breach of warranty; but it would be better to distinguish such cases as a noncompliance with a contract which a party has engaged to fulfill."

And commenting on this statement the author says:

"There can be no doubt of the correctness of the distinction here pointed out. If the sale is of a described article, the tender of an article answering the description is a condition precedent to the purchaser's liability and if this condition be not performed the purchaser is entitled to reject the article, or if he has paid for it, to recover the price as money had and received for his use; whereas in case of warranty the rules are very different"

This clearly states the law involved in this assignment of error and is supported by abundant authority. Columbian I. W., etc, Co. v. Douglas, 84 Md. 44, 34 Atl. 1118, 33 L. R. A. 103, 57 Am. St. Rep. 362; Webster-Gruber Marble Co. v. Dryden, 90 Iowa, 37, 57 N. W. 637, 48 Am. St. Rep. 417; Cyc. vol. 35, p. 189, note 13. There was no error committed in the admission of this testimony

This ruling upon the second assignment of error is conclusive as to the third, fourth, and sixth assignments of error, which relate to the refusal of requested instructions, each based upon the theory of warranty.

Plaintiff's fifth assignment of error reads as follows:

"Said court erred in not giving plaintiff's instruction No. 3, that plaintiff was entitled to recover at any event the price of the scales, to wit, the sum of $140, as defendant admits this part of the order was suitable for the purpose ordered."

It is urged here that the contract was severable, and that, defendant having admitted the scales to be as ordered, plaintiff was entitled to judgment for the price of the scales, irrespective of its right to recover for the weigh pan. The testimony shows that throughout the correspondence between plaintiff and defendant the weigh pan and scales were treated as one complete order. They were to be installed and used together. When defendant, on April 24, 1912, canceled its first order, because it was decided that there was not sufficient room at the mine to install the weigh pan, the plaintiff treated the cancellation as going to the entire contract, and canceled its own order to the Strait Scales Company for the scales. It was the Scales Company's agent that subsequently visited the defendant and induced the second order for the weigh pan in order to sell the scales with it. Under all the facts and circumstances shown by the record in this case, it must be held that in contemplation of the parties the contract was an entirety and not severable, and there was therefore no error in refusing to give plaintiff's third requested instruction.

Upon the issue of fact raised by the pleadings, viz., Was the weigh pan which plaintiff delivered the weigh pan ordered by defendant? the jury found against the plaintiff's contention, and, since there was evidence reasonably tending to support the verdict, the judgment should be affirmed.

By the Court: It is so ordered.