## MADDEN v. GRAHAM.

No. 9371—Opinion Filed Aug. 13, 1918.

(174 Pac. 259.)

### 1. Sales—Warranty.

An affirmation in regard to an existing fact, distinctly and positively made in the negotiations for trade, should be regarded as a contract, and enforced as a warranty.

### 2. Fraud—Statement of Fact—Knowledge of Seller.

In an action for a breach of warranty, it is error for the trial court to instruct the jury that, unless you find from the evidence in this case that the defendant knew that the hogs were infected, or by the exercise of reasonable care could have discovered the condition of the hogs, then your verdict should be against the plaintiff, although at the time of the sale the defendant made representations, as claimed by the plaintiff, that the hogs were free from disease, but as a matter of fact, they were infected with cholera.

If you further believe from the evidence that the plaintiff in this case had sufficient knowledge of the condition of the hogs to have placed him upon inquiry, and by reasonable diligence on his part he could have determined that the hogs were infected with cholera, then and in that event your verdict should be for the defendant.

Error from District Court, Grant County; W. M. Bowles, Judge.

Action by T. P. Madden against John B. Graham. Judgment for defendant, and plaintiff brings error. Reversed.

Emery H. Breeden and J. W. Bird, for plaintiff in error.

Sam P. Ridings and J. B. Drennan, for defendant in error.

Opinion by SPRINGER, C. The parties will be referred to in the relative position they occupied in the lower court. The plaintiff instituted this suit against the defendant to recover the sum of $1,286, actual damages, and the sum of $500, exemplary damages, upon the grounds and for the reasons as alleged in the petition, the defendant sold the plaintiff 18 head of hogs for the sum of $107 which it is alleged were infected with cholera, and which it is alleged died, and, further that said hogs communicated said disease to the hogs of the plaintiff after

they had been removed from the place of the defendant to that of the plaintiff. It is alleged in the petition that said hogs were sold at public sale by an auctioneer, and that said hogs were represented by said auctioneer and defendant to be sound and free from all disease, and having been rendered immune from cholera by treatment. To the petition of the plaintiff the defendant filed a general denial only. A trial to a jury was had, which resulted in a verdict in favor of the defendant, and the case is now properly before us for review.

The evidence of the plaintiff is sufficient to prove the allegations of his petition.

The only question presented for our consideration is the following instruction given by the court:

"Gentlemen of the jury, on the part of the defendant in this case, you are instructed that, unless you find from the evidence in this case that the defendant knew that the hogs were infected, or by the exercise of reasonable care could have discovered the condition of the hogs, then your verdict should be against the plaintiff, although at the time of the sale the defendant made representations as claimed by the plaintiff that the hogs were free from disease, but, as a matter of fact, they were infected with cholera. If you further believe from the evidence that the plaintiff in this case had sufficient knowledge of the condition of the hogs to have placed him upon inquiry, and by reasonable diligence on his part he could have determined that the hogs were infected with cholera, then and in that event your verdict should be for the defendant. If during the course of a sale the seller makes representations which are positive representations of fact and not mere matters of opinion or judgment, for the purpose of inducing the buyer to purchase, and which are accepted and relied on by him in making the contract of purchase, such representations will constitute an express warranty." 35 Cyc. 381; United Iron Works Co. v. Henryetta Coal & Mining Co., 62 Okla. 99, 162 Pac. 209; International Harvester Co. v. Sawyer, 56 Okla. 207, 155 Pac. 617.

The instruction in effect tells the jury that a party warranting a piece of property to be sound and free from contagious disease at the time he sells it is not bound by his warranty. What one positively affirms, with a view to induce another to part with his property, if relied upon and accepted as true, should be held to be true regardless of whether he knew it to be false or not. In his brief the defendant has called our attention to the case of Hobbs v. Smith et al., 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697, and Summers v. Houston, 62 Okla. 280, 162 Pac. 474. But we must not lose view of the fact that in both of those cases the plaintiff was successful in the trial court, and the defendant appealed to this court, and alleged as error the giving of an instruction in almost the same language as in the instant case. Without stating the correctness of the instruction in either of those cases, this court held them not to be reversible error, because they were as favorable to the defendant as he could reasonably expect. The instruction of the court is fundamentally wrong because this is an action upon a warranty.

For reason stated the case is reversed and remanded for a new trial.

By the Court: It is so ordered.