## WOOD & CO. v. PENNINGTON GROC. CO.

No. 17680. Opinion Filed April 9, 1929.

Ledbetter & Ledbetter, for plaintiff in error.

Potterf, Gray & Poindexter, for defendant in error.

TEEHEE, C. This is the second appeal in this case. The first appeal is reported as Pennington Grocery Co. v. Wood & Co., 87 Okla. 220, 223 Pac. 368, where a full statement of the controversy appears, and need not here be reiterated except in so far as that may serve clarity. As there stated, "the action calls for damages in the sum of $515.03, and interest at six per cent. from January 1, 1918, for breach of implied warranty of fitness and soundness of a carload of potatoes."

In the instant appeal the parties appear in the reverse of their respective trial positions. Our further reference to them will be according to their appearance in the trial court.

The point at issue on the first appeal and the conclusion thereof is set out in paragraph 1 of the syllabus of the opinion, to wit:

"In an action for damages based upon a breach of warranty, express or implied, by a verbal contract made over the telephone for the purchase of a carload of potatoes, and the defendant pursuant to the agreement reshipped a car of potatoes, received from New Castle, Colo., from Shawnee to Ardmore, Okla., and the plaintiff receives the shipment, and, without inspection, rebills the same to customer at Healdton, Okla., and defendant, on same day car is shipped out of Shawnee, issues invoice containing printed provision requiring notice in case of claim for damage, as a condition precedent for bringing suit for damages, and sends same by mail to plaintiff, and which is received by plaintiff after the car of potatoes is sold and rebilled to the customer in Healdton, the invoice is no part of the contract of purchase and is not a proper defense in an action for damage for breach of warranty."

The first trial turned favorably for defendant on the defense above indicated whereon the court, in effect, had instructed a verdict for defendant, which this court held to be error and remanded the cause for a new trial. Pursuant thereto, a second trial was had to the court without the intervention of a jury on the same pleadings as in the first trial. The court found the issues and rendered judgment thereon for plaintiff.

For reversal of the judgment defendant submits a single proposition, to wit:

"Where there is no express warranty accompanying a description of personal property, and the buyer after inspection and full opportunity to examine accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description."

Defendant fortifies its argument in support of the ground urged with the cases of Talley v. Harrison, 60 Okla. 110, 159 Pac. 366; Brown v. Davidson, 42 Okla. 598, 142 Pac. 387, and several other like cases by this court, which lay down the rule in the language of the proposition as thus stated. That the cases relied on support defendant's premise there can be no controversy, but the difficulty arises upon the application of the rule to the case in hand. The rule relied on is predicated on the theory that there was an inspection with opportunity for full examination of the article purchased at the time of delivery, and thereafter proceeds on the ground of either a waiver or laches on the part of the purchaser. In effect, therefore, the proposition submitted sounds in the question of the sufficiency of the evidence to support the finding and judgment of the trial court.

Plaintiff's evidence was practically the same as that presented in the first trial, this being in substance the statement of the case as set out in the appellate opinion, which showed that plaintiff reshipped the car to a customer at Healdton without inspection, where the same was delivered with the potatoes unfit for marketing because of a frozen condition.

Defendants sought to avoid liability by evidence to the effect that the potatoes, from an inspection thereof at the time the shipment was made to plaintiff, were in sound and salable condition, and on the further ground that no proof was offered by plaintiff showing that the potatoes were then in a frozen condition, and that plaintiff failed to promptly notify it so that it might have had an opportunity to inspect the potatoes and ascertain the extent of the damage, if any, as is the custom in the sale of perishable goods when complaint of the quality is made by the purchaser, and thus protect itself in the premise.

As to fitness and soundness, the record shows that, if the potatoes were in fact in good condition at the time of shipment by defendant from Shawnee, its place of business, there was no freezing weather during the time of transit of the car from that point to its destination at Healdton to plaintiff's customer to whom the car was rebilled at the time of purchase by plaintiff, which would have brought about the frozen condition of the potatoes as was the case upon delivery. When this condition was made known to plaintiff by its customer, ascer-

tainment of the extent of the damage to the potatoes was made by sorting thereof, and when this was done, the amount of the damage based on the price per bushel was deducted from the sale price of the car, plaintiff's customer only paying for potatoes ascertained to be sound through the sorting process at the purchase price per bushel. Upon fixing the damage, plaintiff proceeded on the theory that the common carrier transporting the car from Shawnee to Ardmore, its place of business, where the car was diverted to Healdton, was responsible and liable for the frozen condition of the potatoes, and upon being convinced that there was no freezing weather during the period of transit, for which reason the common carrier declined payment of the damages, plaintiff immediately notified defendant of the fact of damage, and requested to be refunded therein. This defendant refused to do on the grounds of its inspection of the shipment when the same then showed no trace of frozen stock, and took the position that if the potatoes were in fact frozen, the transportation company was responsible.

In its letter of refusal, defendant admitted that the car of potatoes, which it had purchased at New Castle, Colo., about a week previous to its sale to plaintiff, in transit between that point and Shawnee, had passed through territory at about the time the temperature of the weather was much below the freezing point and even below zero, and suggested the filing of the claim with the common carrier handling the car between the point of its purchase and its destination at Shawnee. The evidence of defendant, therefore, to the effect that the potatoes were in good condition at the time of shipment to plaintiff, in the circumstances shown by its letter of refusal, spent its force upon presentation.

The proof in the case therefore clearly showed that plaintiff made no inspection of the goods at the time of purchase, and that it relied entirely upon the implied warranty of the fitness and soundness thereof; and that upon discovery of a want of quality, it proceeded in good faith to ascertain the extent of damage it had suffered, which, upon a refusal of refund of the amount by defendant, it sought to recover such damage under the controlling rule of the action as declared in the second subdivision of the third paragraph of the syllabus in the opinion referred to. namely, that for a breach of warranty, express or implied, in the sale of goods, the purchaser "may keep the article and recover in damages the differ-

ence between what the article would have been worth if it had been as represented and its actual value."

In the state of the case, therefore, disposition of the cause is controlled by the oft-repeated rule, namely, that in a law case tried to the court as a trier of fact. where there is any evidence reasonably tending to support the finding and judgment, the same will not be disturbed on appeal. As the record before us so shows, it follows that the judgment of the district court should be, and the same is hereby, affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.