### GLADSTEIN v. PRITCHETT.

No. 20359. Opinion Filed Sept. 15, 1931.

Rehearing Denied Nov. 3, 1931.

Monk & McSherry, for plaintiff in error.

J. S. Garrison, George L. Hill, and W. H. Moore, for defendant in error.

ANDREWS, J. This action was begun in the district court of Pittsburg county, Okla., by G. W. Pritchett, the defendant in error herein, against B. Gladstein, doing business as the Gladstein Company, the plaintiff in error herein. The parties hereinafter will be referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff therein alleged that he sold

and delivered to the defendant certain furs, hides, and pelts of the value of $2,012.25 for that amount, and that the defendant paid him therefor the sum of $816.75, leaving a balance due of $1,195.50, for which amount the plaintiff prayed judgment with interest thereon at the rate of six per cent. per annum from the 31st day of December, 1927. The defendant's answer thereto consisted of a general denial, an admission that the defendant had purchased from the plaintiff on the date claimed furs at an agreed price of $819.25, and an allegation that the defendant had paid the plaintiff the full amount of the purchase price thereof. The issue made by the pleadings was submitted to a jury and the jury returned a verdict in favor of the plaintiff for the amount sued for. The defendant's motion for a new trial was overruled, and the defendant appealed to this court.

There is but one contention made by the defendant in his briefs in this court, and that is that the evidence of the plaintiff fails to establish the claim of the plaintiff and establishes the defense of the defendant, and that the evidence is without a scintilla of conflict on any material point. The specifications of error of the defendant are all based on that contention.

This court has uniformly held that a judgment of a trial court in a law action which is in accordance with the verdict of the jury therein will not be disturbed by this court if there is any competent evidence reasonably tending to support the verdict of the jury shown by the record of the trial. Wood & Co. v. Pennington Groc. Co., 136 Okla. 83, 276 P. 483.

The evidence offered by the plaintiff was to the effect that, on the 31st day of December, 1927, an agent of the defendant went to the town of Lindsay and purchased from the plaintiff the property described by the plaintiff for the sum of $2,012.25; that the goods were delivered to the agent of the defendant on that day; that the agent of the defendant gave the plaintiff a check or draft for $816.75, and no other sum, and that there is a balance due of $1,195.50 to the plaintiff from the defendant.

The evidence offered by the defendant was to the effect that on that day an agent of the defendant went to the town of Lindsay and purchased from the plaintiff certain property for the sum of $819.25; that the goods were delivered to the agent of the defendant on that day; that the agent of the defendant gave the plaintiff a check for

$816.75 and $2.50 in payment of expenses, and that was payment in full.

There was thus presented an issue of fact. That issue was determined by the verdict of the jury, which was approved by the trial court and on which judgment was rendered in favor of the plaintiff and against the defendant. The question for us to determine is whether there was competent evidence reasonably tending to support the verdict of the jury. The record shows such evidence. We do not think it necessary to review the evidence herein. That evidence was approved by the trial court when a demurrer thereto was overruled, when the verdict was approved and a judgment rendered in conformity therewith, and when the motion for new trial was overruled.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.