### WHITNEY et al. v. MILLER.

No. 19903. Opinion Filed March 15, 1932.

Rehearing Denied July 27, 1932.

W. C. Wood and McComb & McComb, for plaintiffs in error.

Sam S. Gill, for defendant in error.

McNEILL, J. This is an appeal from the judgment of the district court of Oklahoma county. The parties will be referred to as they appeared in the trial court. The plaintiff, Herbert G. Miller, instituted suit against E. W. Whitney, Ralph H. Grant, and J. C. Crossman for damages, growing out of a contract for drilling an oil well entered into between said parties. The cause was tried before a court and jury. The jury returned a verdict in favor of the plaintiff in the sum of $20,437.50. The trial court required a remittitur of all sums in excess of $12,500, and, upon plaintiff complying therewith, entered judgment for said amount in favor of plaintiff and against said defendants. Defendants have appealed from said judgment to this court.

The plaintiff pleads two causes of action. In his first cause of action he alleged that after drilling the well in question to 790 feet, for which he was to receive the sum of $6.25 per foot, he was forced to cease drilling because the defendants failed to furnish casing, water, and fuel as provided by the contract, and prays judgment on this cause of action in the sum of $4,937.50. In the second cause of action plaintiff seeks recovery for damages for the reasonable rental value of his tools during the time he was idle at the special instance and request of defendants while waiting for them to furnish fuel, and this is without regard to the contract. Plaintiff alleged that during the progress of the drilling, from about November 10th to about the 20th day of February, 1927, he was delayed in his drilling operations; that he became indebted to his employees for this idle time; that his tools remained idle; and that by reason thereof the defendants have breached their contract with him in negligently failing to furnish fuel for the purpose of prosecuting and carrying on the drilling operations; that by reason thereof plaintiff ceased the drilling operations on or about the 20th day of February, 1927, and kept his tools on the premises preparatory to proceeding to drill until about the 28th of July, 1927; that by reason of the promises and inducements of the defendants that matters

would be adjusted he held himself in readiness for said drilling; that by reason thereof he has suffered damages for 225 days of idle time during which said tools were idle because of the wrongful acts of defendants, and that the reasonable rental value of said tools during said time was $100 per day.

The defendants filed an answer by way of a general denial. Defendants contend that the plaintiff quit the premises and ceased his drilling without any fault on their part and that under the provisions of the contract they were not to pay plaintiff anything until he had completed the well; that is, until he had drilled the well down to the depth of 3,500 feet or to a lesser depth if required to do so by the defendants. Under the contract, plaintiff agreed that he would drill an oil or gas well for defendants to a depth of 3,500 feet at $6.25 per foot, and that the defendants were to furnish the fuel, water, and casing, but the trial court confined the issue in the instant case to the question of furnishing fuel for the drilling of the well.

Defendants contend that the trial court erred in overruling the demurrer of defendants to the amended petition; that the damages are excessive and were given under the influence and passion of the jury; that the verdict is not sustained by the evidence; and that the court erred in overruling the demurrer to the evidence of the plaintiff and in refusing to instruct the jury to render a verdict in favor of the defendant.

The trial court properly overruled the demurrer of the defendants to the amended petition of plaintiff. Both causes of action arose out of the same transaction, were connected with the drilling of the well and affected all the parties.

Our court in the case of Summers et al. v. Gates, 55 Okla. 96, 154 Pac. 1159, said:

"Causes of action in tort may be joined in separate counts in the same petition with causes of action in contract, when they all arise out of the same transaction or transactions, connected with the same subject of action, and affect all the parties to the action."

Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089; Panther v. McKnight, 125 Okla. 134, 256 Pac. 916; section 266, C. O. S. 1921. Also relative to the tort action, see Summers et al. v. Houston, 62 Okla. 280, 162 Pac. 474; Terrell Co. v. Davis et al., 77 Okla. 302, 188 Pac. 676; Holiday Oil Co. et al. v. Smith et al., 100 Okla. 172, 228 Pac. 775; Marland Refining Co. v. Dunigan, 104 Okla. 194, 230 Pac. 869; Baker & Strawn v. Miller & Jones Bros., 109 Okla.

184, 235 Pac. 476; Knupp v. Hubbard, 130 Okla. 111, 265 Pac. 133.

As to the other contentions raised by the defendants, we have examined this record, and consider it unnecessary to discuss the same except to say that we find that the propositions urged by defendants are without merit. The trial court fairly and properly presented the issues and the law applicable thereto to the jury. Defendants excepted to the giving of these instructions and the record is silent as to what reasons, if any, were assigned to the trial judge for the exceptions taken. The defendants, however, offered no requested instructions. We are of the opinion that the trial court properly instructed the jury as to the issues and the law applicable thereto, and that the judgment rendered in this case is amply supported by the evidence. Although there may be some technical or immaterial errors which were committed during the trial, yet, from an examination of this record, it is apparent that the plaintiff was entitled to recover in this case upon the issues joined. This court has often announced that where a general verdict has been rendered and judgment rendered on the verdict, and the evidence is conflicting, and there is competent evidence to sustain the verdict, this court will not disturb the verdict and substitute its judgment for that of the jury.

The judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.