**Norman J. COBLE, Appellant,**

**v.**

**Melinda BOWERS, First State Bank, and First Life Assurance Company, Appellees.**

**No. 71604.**

Court of Appeals of Oklahoma, Division No. 2.

Dec. 4, 1990.

Rehearings Denied Feb. 11, 1991.

Certiorari Denied April 9, 1991.

Tom C. Lane, W.C. "Bill" Sellers, Inc., Sapulpa, for appellant.

Carl D. Hall, Jr., Nichols, Wolfe, Stamper, Nally & Fallis, Inc., Tulsa, for appellees Bowers and First State Bank.

George W. Dahnke, Hastie and Kirschner, Oklahoma City, for appellee, First Life Assur. Co.

MEANS, Judge.

Plaintiff Norman J. Coble appeals the summary judgment granted in favor of defendants Melinda Bowers, First State Bank, and First Life Assurance Co. Defendant Security Life Assurance Co. was dismissed without prejudice prior to judgment and is not a party to this appeal. Having reviewed the record and applicable law, we affirm in part, reverse in part and remand.

In 1985, Bank loaned Coble $15,141.16 to purchase a truck. In connection with the loan, Coble decided to purchase credit disability insurance and filled out an application to First Life. The premium was financed as part of the loan.

First Life refused to issue credit disability insurance unless credit life was also purchased. Bank assistant vice president Bowers was unaware of this when Coble took out his loan. When she learned that Coble's application had been denied, she instructed First Life to write a credit life policy for Coble and to credit Bank with the difference in premium. This difference was then applied to reduce Coble's loan balance. Bowers claims that she mailed Coble a copy of the policy as written, but Coble denies ever receiving any notice that his disability application had been rejected.

In 1986, Coble presented First Life with a disability claim, which First Life denied. Coble then filed this action. His petition alleged that:

3. Defendant, BOWERS, represented to plaintiff that in the event of his disability, the loan that he was securing would be paid.

4. The material representations of defendant, BOWERS, were false and were a failure of the defendants to deal fairly and in good faith with plaintiff.

5. Unfortunately, Mr. Coble acted upon this misrepresentation and purchased the disability insurance with his loan.

6. In 1986, NORMAN COBLE, suffered disability.

7. Defendant, when presented with a claim upon this disability portion of the loan, denied payment.

8. Defendant, BOWERS and the defendant entities fraudulently misrepresented and deceived NORMAN J. COBLE.

9. Defendants failed to act fairly and in good faith with NORMAN J. COBLE. Coble prayed for $1,520,000 in damages, representing the unpaid balance of the loan, damages for emotional distress, and punitive damages.

It was undisputed that Bank had never sought to enforce further payment of the loan. It eventually released its security interest in the truck.

In 1987, Coble filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code. Pursuant to 31 O.S.Supp.1987 § 1(A)(21), the bankruptcy court ordered that Coble's interest "in a claim for personal bodily injury ... for a net amount not in excess of Fifty Thousand Dollars ($50,000.00), but not including any claim for exemplary or punitive damages," was exempted from the bankruptcy estate. In December 1987, Coble's debt to the bank was discharged.

In January 1988, Bowers and Bank moved for summary judgment, listing thirty-five undisputed material facts. First Life filed a separate motion, claiming fourteen undisputed material facts.

Coble responded to each by claiming as the only undisputed fact "[t]he amount of Plaintiff's damages." He argued that the inferences and conclusions to be drawn from the undisputed facts presented questions of fact precluding summary judgment. He moved for partial summary judgment, asking that "the uncontroverted facts be treated as resolved."

The trial court denied Plaintiff's motion for summary judgment, granted Defendants' motions, and ordered that Plaintiff take nothing by his suit. From this judgment, Plaintiff appeals.

■ On appeal from a summary judgment, this court will examine the pleadings and evidentiary materials presented. Ruling on a motion for summary judgment must be made on the record actually presented to the court, not one which is potentially possible. *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780, 784 (Okla.1976). The court must view all inferences and conclusions to be drawn from the facts presented in the light most favorable to the party opposing the motion. *Northrip v. Montgomery Ward & Co.*, 529 P.2d 489, 496 (Okla.1974). Summary judgment is inappropriate if reasonable men would reach differing conclusions on the facts presented. *Runyon v. Reid*, 510 P.2d 943, 946 (Okla.1973).

■ Coble's first allegation of error on appeal is that the trial court erred in finding that his discharge in bankruptcy terminated his cause of action. This argument misconstrues Defendants' argument and applicable bankruptcy law. When Coble filed for bankruptcy protection, his pending claim against Defendants was no longer under his personal control, but rather became an asset of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Upon motion and order by the court, his interest in $50,000 in "personal injury" damages was exempted pursuant to 31 O.S.Supp.1987 § 1(A)(21). The rest of his claim—for the loan balance and any punitive damages—remained in the bankruptcy estate. As such, the Chapter 7 trustee has the duty to collect and reduce to money the estate's property, and the right to pursue prosecution of the action. 11 U.S.C. §§ 323(b), 704(1); Bankruptcy Rule 6009. Until and unless the trustee abandons the claim, the debtor has no standing to prosecute on his own behalf, as he is no longer the real party in interest. 11 U.S.C. § 554; *see Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d 1556 (11th Cir.1985); *Hester v. Farmers Home Admin.*, 49 B.R. 593 (E.D.Mo.1985).

■ In addition, Coble's debt to Bank has now been discharged, rendering it unenforceable. 11 U.S.C. § 524(a)(2); *see Palmer v. Crouch*, 298 P.2d 1041, 1042 (Okla.1956). Bank has also released its security interest in the collateral. Coble is therefore estopped to deny that he is no

longer indebted to or subject to any claim by the Bank as a result of this transaction, thus eliminating the amount owed to the Bank as an element of his damages.

■ Coble next argues that the trial court erred in finding no cause of action for negligence. The trial court did not specifically make such a finding in its order; we find that, even construing Coble's petition in its most favorable light, no negligence theory of recovery was presented to the trial court. Title 12 O.S.Supp.1990 § 2008(A), under "General Rules of Pleading," requires that the pleader present "[a] short and plain statement of the claim showing that [he] is entitled to relief." The Committee Comment to § 2008 observes that, although the old rule requiring recitation of " 'facts constituting a cause of action' " has been simplified, a pleading must give " 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' "

Coble's petition, liberally construed, did not notify Defendants that he was proceeding under a negligence theory. Further, his motion for summary judgment and responses to Defendants' motions did not address the theory, and there is nothing else in the record to indicate that it was ever presented at the trial court level. Claimant is therefore barred from asserting the theory for our review. *See Ross v. Thompson*, 174 Okla. 183, 185, 50 P.2d 385, 387 (1935).

■ Coble also asserts that the trial court erred in rejecting his cause of action for bad faith breach of contract. We find this contention without merit as against Bank and Bowers. Oklahoma law does not extend the tort of bad faith breach to the commercial lending setting. *Rodgers v. Tecumseh Bank*, 756 P.2d 1223, 1226–27 (Okla.1988). Coble admits that, under the teaching of *Timmons v. Royal Globe Insurance Co.*, 653 P.2d 907 (Okla.1982), the implied duty of good faith and fair dealing does not extend to defendant Bowers, a stranger to the insurance contract. That portion of the judgment relating to bad faith breach of contract against Bank and Bowers is therefore affirmed.

■ However, viewing the inferences and conclusions drawn from the facts in the light most favorable to Coble, we find that he has stated a viable action for breach of the duty of good faith and fair dealing against First Life. The facts before us raise an inference that Bank acted as agent for the insurance company in the solicitation of credit insurance. It was undisputed that Bank was Coble's only contact for the insurance purchase. Bank's employees solicited the policy, obtained Coble's application, and collected the premium by agreeing to finance it as part of the principal loan. Although First Life rejected Coble's disability application, its agent then purported to accept a counter-offer and make a premium adjustment without Coble's authority or without notifying him of the proposed change. This action not only disregarded Coble's desires in the matter but deprived him of the opportunity to take timely and useful corrective measures. Such a course of negotiation raises the inference of unfair dealing between insurer and insured, precluding summary judgment.

■ Coble next argues that the trial court erred in denying his cause of action for fraud. We agree with this contention. Where a party with intent to induce another to enter into a contract makes a positive assertion, which is material, in a manner not warranted by his information, or where he is not shown to have reasonable grounds for believing it true where the assertion so made is not true, even though believed by the party making it, he may be guilty of actual fraud. 15 O.S.1981 § 58; *see Farrar v. Chitwood*, 282 P.2d 729, 731 (Okla. 1955). Here, Coble's testimony indicates that, with the intent to induce Coble to request her to procure disability insurance, which would benefit both First Life and Bank, Bowers represented to Coble that she could in fact procure disability insurance for him absent credit life. Whether this was warranted by her information and whether Coble relied upon the statement in the face of the statements printed on the insurance application is for the jury to decide.

Coble makes the related argument that the evidence presented on summary judgment does not preclude an award of damages for his emotional distress. We agree that emotional distress caused by a willful, actionable tort is recoverable, even absent physical injury, if it is the natural and probable consequence of the tortious act. *Mashunkashey v. Mashunkashey*, 189 Okla. 60, 61–62, 113 P.2d 190, 191 (1941); *see Timmons*, 653 P.2d at 916. Mental distress is recognized as an ordinary and natural result of a failure of insurance. *See Christian v. American Home Assurance Co.*, 577 P.2d 899, 902 (Okla.1977) ("[T]he insured does not contract '... to obtain a commercial advantage but to protect [himself] against the risks of accidental losses, including the mental distress which might follow from the losses....'" (quoting *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 89 Cal.Rptr. 78 (1970))). Emotional distress as a consequence of an intentional tort is distinguishable from distress resulting from breach of contract or negligence, which requires a showing of physical injury. *See Ellington v. Coca–Cola Bottling Co.*, 717 P.2d 109 (Okla.1986) (negligence); *Seidenbach's, Inc. v. Williams*, 361 P.2d 185 (Okla.1961) (breach of contract).

We therefore find that the trial court was correct in granting summary judgment on Coble's claims for bad faith breach of contract against Bank and Bowers. However, we find the court erred in granting summary judgment on Coble's claim for bad faith against First Life, and for emotional damages arising from actual fraud. The portion of the judgment on those claims is reversed and the case is remanded for trial. The remainder of the judgment is affirmed.

REIF, P.J., concurs.

BRIGHTMIRE, C.J., concurs in part and dissents in part.

BRIGHTMIRE, Chief Judge, concurring in part and dissenting in part.

I agree that the summary judgment should be vacated but I dissent from the majority, which goes further and excises various theories of recovery from the plaintiff's lawsuit.

I

Here an action was brought by a customer against his bank, a loan officer, and an insurance company, seeking the recovery of damages on the basis of three theories: negligence, fraud, and bad faith breach of an agreement to secure consumer credit disability insurance requested by the customer.

The trial court granted a summary judgment to the defendants because the customer's debt to the bank had been discharged in bankruptcy.

More specifically the material facts are that on October 24, 1985, the plaintiff, Norman J. Coble, borrowed $15,141.16 from the defendant, First State Bank of Tahlequah, in order to purchase a 1986 Ford truck. The amount financed was to include $921.97 in credit disability insurance premiums. The policy was purchased by Coble on the suggestion of a bank employee, Linda Woodward. After the loan documents were signed, the defendant, Melinda Bowers, a loan officer for the bank, was advised by the defendant, First Life Assurance Company, that First Life would not write a credit disability policy without a credit life policy. Based merely on an assumption that Coble would not wish to purchase both credit life and credit disability insurance, Bowers directed First Life to only issue a credit life policy and to refund to the bank the difference in premiums. The amount refunded was then applied to reduce the loan balance.

On November 30, 1985, First Life issued an endorsement to the policy reflecting a change in premiums from $921.97 to $681.43. Bowers claims she mailed a copy of this endorsement to Coble shortly after December 10, 1985.

Then in June of 1986, Coble sustained a disabling injury while doing construction work with his brother. On September 22, 1986, Coble made a written claim for benefits under the credit disability policy. The claim was denied on September 30, 1986, on

the basis that his policy was for credit life and did not include credit disability. On October 7, 1986, Bowers wrote Coble a letter explaining what had happened with respect to his application for disability insurance. On October 21, 1986, First Life also wrote Coble a letter explaining the reasons for the denial of his claim.

On October 30, 1986, Coble filed this action in the District Court of Cherokee County. On August 12, 1987, Coble filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Oklahoma. The bankruptcy court determined that Coble was entitled to an exemption up to $50,000 for any damage award for emotional distress. Any awards for breach of contract or punitive damages were deemed by the bankruptcy court to be non-exempt property of the estate over which the trustee could exercise control. Coble was granted a discharge of the indebtedness owed to the bank, and the bank released its security interest in the truck.

Each of the parties filed a motion for summary judgment in the trial court. They were heard July 29, 1988. Coble's motion was denied, but the motion of each defendant was granted. Coble appeals.

## II

In my opinion the order granting summary judgment to each of the defendants should be vacated in it entirety, and Coble should be given the opportunity to present his case to a jury on all three theories of recovery, i.e., negligence, fraud, and bad faith. The record discloses material issues of fact pertaining to all three theories. *C.I.T. Corp. v. Shogren*, 176 Okl. 388, 55 P.2d 956 (1936); *Whitney v. Miller*, 158 Okl. 294, 13 P.2d 110 (1932).

Aside from the foregoing case law, it should also be borne in mind that under the simplified pleading code, the pleader need only show that he is entitled to relief in order to give his adversary notice of what his claim is and the grounds upon which it rests. As noted in the Committee Comment to 12 O.S.Supp.1990 § 2008, "[this section] acknowledges that modern devices such as discovery, pretrial conferences, and summary judgments are more effective methods of performing the functions of disclosing the factual and legal issues in dispute, pretrial planning, and disposing of frivolous or unfounded claims and defenses which historically were performed by the pleadings."

An examination of the record indicates that the parties knew that Coble was, at least in part, alleging acts of negligence. Coble makes mention of his cause of action for negligence in the response to the defendants' motions for summary judgment. Likewise, First Life and the bank directly address the issue of negligence in their trial court arguments to the effect that there can be no award of damages for emotional distress or punitive damages for the negligent acts of their agents.

Bowers was acting as a dual agent for both the bank and First Life in dealing with Coble. An agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance, *DeWees v. Cedarbaum*, 381 P.2d 830 (Okl.1963), and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss. *Jefferson v. Alaska 100 Insurance Inc.*, 717 P.2d 360 (Alaska 1986). Once a lender agrees to procure a policy of insurance for the borrower and accepts money for that purpose the lender becomes liable for the failure to perform its basic obligation to purchase the policy as agreed. *Mid–America Corp. v. Roach*, 412 P.2d 188 (Okl.1966). *See also Beam v. Green*, 208 Okl. 10, 252 P.2d 444 (1953). In short, the bank had a duty to deal in good faith with Coble. *Djowharzadeh v. City Nat'l Bank & Trust Co.*, 646 P.2d 616 (Okl. App.1982).

It cannot be said that Coble is without any physical injuries which would preclude his recovery for emotional distress. Coble stated in his deposition that as the result of the anxiety caused by this incident, he has experienced "headaches and stuff." Upon proper proof, a plaintiff may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering. *Ellington v. Coca Cola Bottling*

*Co.,* 717 P.2d 109 (Okl.1986). While the general rule is that recovery may not be had for mental anxiety which is not connected with some physical suffering or injury to the person enduring the mental anguish, the supreme court had recognized that mental suffering occasioned by simple hunger pangs and the deprivation of a place to sleep may constitute an actionable injury. *Thompson v. Minnis,* 201 Okl. 154, 202 P.2d 981 (1949). This court should be hesitant to find as a matter of law that headaches are not sufficient to constitute a physical injury.

With respect to the bad faith claim, the record is clear that there are facts which tend to prove that the bank was acting as an agent for First Life in its dealings with Coble. Coble applied for the disability insurance at the suggestion and assistance of a bank employee, Linda Woodward. Later communications with First Life about Coble's policy were made through another bank employee, Melinda Bowers. Bowers took it upon herself to make decisions affecting Coble's coverage in cooperation with First Life. Bowers directly received correspondence from First Life concerning Coble's policy, a copy of which she claims to have forwarded to Coble. There is enough evidence to support a finding of agency between the bank employees and the insurance company. Existence of the relationship is a disputed issue of fact to be resolved by a jury, not by summary judgment. If an agency relationship is established, it follows that a material issue will arise as to whether the agent breached a duty to deal fairly and in good faith with Coble on behalf of First Life. *Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907 (Okl. 1982).

### III

A review of the record in the light most favorable to Coble, indicates that there are facts tending to prove that he did not get the benefit of his bargain. At the inception of the loan, he sought to protect himself in the event a disability prevented him from paying off his loan. When an unfortunate injury occurred, Coble discovered not only did he not have the coverage which he thought he had purchased, but that he had been paying for coverage he did not authorize. The endorsement alleged to have been mailed to Coble is vague and cannot be construed as properly advising him of the changes made in his coverage. The endorsement does not mention disability coverage and does not apprise Coble of the actions taken by Bowers. Not until Coble's claim was filed and denied did the bank or First Life advise Coble of the changes made in his coverage. It cannot be said as a matter of law that Coble is precluded from founding his claim on the theories of fraud, negligence, and bad faith breach of duty against all the defendants. Title 14A O.S.1981 § 4–105, imposes upon a creditor certain enumerated duties to promptly supply information to a borrower with respect to this type of insurance.[1] Whether there was a breach of a duty owed to Coble, and if so, whether the breach was the result of negligence, fraud or bad faith are questions of fact to be decided by a trial on the merits.

It is my opinion that the summary judgments should be vacated and the cause remanded for trial on all three theories of recovery and other incidental factual issues. The fact that Coble has been granted a discharge in bankruptcy, although it affects the limits of recovery that Coble may ultimately realize, does not deprive him of standing to assert his claim for emotional distress.

---

**1.** Title 14A O.S.1981 § 4–105 dictates that:
"If a creditor agrees with a debtor to provide insurance
(1) the insurance shall be evidenced by an individual policy or certificate of insurance delivered to the debtor, or sent to him at his address as stated by him, within thirty (30) days after the term of the insurance commences under the agreement between the creditor and debtor; or
(2) the creditor shall promptly notify the debtor of any failure or delay in providing the insurance."