2007 OK CIV APP 17

**Shirley ABIBO, Plaintiff/Appellant,**

v.

**SUNSET MORTGAGE COMPANY, L.P., a Pennsylvania corporation, Defendant/Appellee.**

**No. 103,772.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 9, 2007.

Shirley Abibo, Oklahoma City, OK, Pro Se Plaintiff/Appellant.

Michael D. Gray, Brock R. Ellis, Britton, Ramsey & Gray, P.C., Oklahoma City, OK, for Defendant/Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 Plaintiff, Shirley Abibo, appeals the trial court's order denying her motion to set aside a summary judgment. The trial court had previously entered a summary judgment in favor of Defendant, Sunset Mortgage Company (Sunset). Based on the record and the law, we affirm.

## FACTS

¶2 On July 15, 2005, Plaintiff filed the present action against Sunset and Tim Moore, alleging fraud, conversion, violation of state and federal requirements regarding good faith estimates and truth in lending statements, and seeking punitive damages.[1] Specifically, she alleged that she contacted Sunset employee Tim Moore in 2001 for the purpose of obtaining a mortgage loan in order to purchase a home. She alleged she filled out a loan application and made several requested payments to Moore, but that instead of processing the loan, Moore converted the money to his own use and benefit. She further alleged Sunset refused to make the loan to her, resulting in her loss of funds and inability to purchase the home. Sunset was served with process and filed an answer that generally denied these allegations and asserted several affirmative defenses. Plaintiff was unable to serve Moore with process and eventually dismissed her action against him.[2]

¶3 On October 14, 2005, Plaintiff filed for bankruptcy *pro se* under Chapter 7 of the U.S. Bankruptcy Code. In her initial filing, Plaintiff failed to list the lawsuit in either her Schedule of Assets or Statement of Financial Affairs. Plaintiff also did not give the trial court notice of the bankruptcy action or of the automatic stay.

¶4 On November 10, 2005, the trial court ordered Plaintiff to amend her petition within 20 days to allege fraud with more particularity. On February 23, 2006, when Plaintiff failed to comply with the trial court's order, the court granted Sunset's motion to strike the allegations of fraud.

¶5 On March 1, 2006, the bankruptcy court granted Plaintiff a discharge in her bankruptcy case. On April 11, 2006, Sunset

---

1. Plaintiff originally filed suit on February 7, 2002, and then dismissed the lawsuit without prejudice on August 18, 2004. The present case was refiled within the one-year period, as authorized by Oklahoma's saving statute, 12 O.S.2001 § 100.

2. Because Plaintiff's claims against Moore were still pending in district court, the Supreme Court directed her to show cause why this appeal should not be dismissed for lack of an appealable order. Plaintiff subsequently filed a dismissal against Moore in district court, and this appeal was ordered to proceed.

filed a motion for summary judgment, alleging that Plaintiff lacked capacity to sue since she failed to properly schedule the lawsuit in the bankruptcy case resulting in the trustee being the real party in interest. *See 12 O.S. Supp.2006 § 2012* (B)(10). Plaintiff then amended her Statement of Financial Affairs,[3] but did not amend her Schedule of Assets. Plaintiff's attorney also filed an affidavit alleging that on April 28, 2006, the bankruptcy trustee gave Plaintiff approval to proceed with the case on condition that the trustee be notified of the outcome. However, on May 5, 2006, the bankruptcy court closed the action, after previously granting Plaintiff a discharge. Plaintiff alleges the court closed the action without notice to her. Thereafter, on May 12, 2006, the trial court granted Sunset's motion for summary judgment.

¶ 6 Plaintiff subsequently filed a motion to set aside the summary judgment and reverse the order striking fraud from the pleadings. Plaintiff alleged that the order striking allegations of fraud should be set aside since it was contrary to the bankruptcy stay, and that the motion for summary judgment should be set aside since she listed the lawsuit in her amended Statement of Financial Affairs. She argued that she was not required to amend her Schedule of Assets since the lawsuit could not be easily valued and pursuit of the claim would require additional investment of funds.

¶ 7 The trial court overruled her motion. Plaintiff appeals.

## STANDARD OF REVIEW

¶ 8 Summary judgment is used to reach a final judgment where there is no dispute as to any material fact, *Indiana Nat'l Bank v. State Dept't of Human Servs.*, 1993 OK 101, ¶ 10, 857 P.2d 53, 59, and where one party is entitled to judgment as a matter of law. *Sellers v. Okla. Pub. Co.*, 1984 OK 11, ¶ 23, 687 P.2d 116, 120. We review a grant of summary judgment de novo. *Young v. Macy*, 2001 OK 4, ¶ 9, 21 P.3d 44, 47.

¶ 9 Plaintiff's motion to set aside may be treated as the equivalent of a motion for new trial under 12 O.S.2001 § 651. See *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 4, 681 P.2d 757, 758–59. Upon denial thereof, Plaintiff is entitled, on appeal, "to secure full review of the adverse judgment and of all proceedings that led to it, if error was properly preserved." *Schepp v. Hess*, 1989 OK 28, n. 2, 770 P.2d 34, 36 (emphasis omitted).

## ANALYSIS

¶ 10 In her motion to set aside, Plaintiff first contends that the trial court's grant of the motion to strike the allegations of fraud was in violation of the bankruptcy automatic stay.[4] We disagree.

¶ 11 Title 11 U.S.C. § 362 (OCIS 2006) provides that, upon the filing of a bankruptcy petition, an automatic stay applies to all actions *against* the debtor or his property. The language of the statute clearly does not apply the automatic stay to actions *by* the debtor, such as this one. *See Berry Estates v. State of New York (In re Berry Estate)*, 812 F.2d 67, 71 (2d Cir.1987).

¶ 12 Plaintiff's main contention is that the trial court erred in granting summary judgment on the grounds that she was not the real party in interest. She admits that she did not properly schedule the lawsuit as an asset prior to her discharge, but argues that she later amended the Statement of Financial Affairs to include the lawsuit, and that the closure of the bankruptcy action essentially resulted in abandonment by the trustee, reinvesting in her the right to proceed with the present lawsuit.

¶ 13 When a debtor files a bankruptcy petition, she has a duty to file a list of all her creditors and, unless otherwise ordered by

---

3. Under Paragraph 4a requiring the listing of "all suits and administration proceedings to which the debtor is or was a party within one year immediately preceding the filing of the bankruptcy case," Plaintiff listed the present lawsuit and two other lawsuits by her and indicated all were "civil" suits that were "pending."

4. We note that the trial court had no knowledge of the automatic stay at the time it entered its order striking the fraud allegations.

the court, to file a schedule of all her assets and liabilities, a schedule of current income and expenditures, and a statement of financial affairs. 11 U.S.C. § 521 (OCIS 2006). Bankruptcy laws impose a strict obligation on the debtor to file complete and accurate schedules. *In re Bayless,* 78 B.R. 506, 509 (Bkrtcy.S.D.Ohio 1987). Moreover, the duty to fully disclose continues throughout the pendency of the case. *Okan's Foods Inc., v. Windsor Assoc. Ltd. P'ship (In Re Okan's Foods, Inc.),* 217 B.R. 739, 752 (Bkrtcy. E.D.Pa.1998).

¶ 14 Debtors are required to list all their property on the Schedule of Assets. The term "property" is broadly construed by the Bankruptcy Code. Title 11 U.S.C. 541(a)(1) (OCIS 2006) defines a debtor's estate as consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." Causes of action that a debtor may have upon the filing of a bankruptcy petition are clearly property of the bankruptcy estate. *Amazing Enterpises v. Jobin (In re M & L Bus. Mach. Co., Inc.),* 136 B.R. 271, 275 (Bkrtcy.D.Colo.1992); *In re Moore,* 110 B.R. 924, 926 (Bkrtcy.C.D.Cal. 1990); *Polis v. Getaways, Inc. (In re Polis),* 217 F.3d 899, 902 (7th Cir.2000).

¶ 15 The Statement of Financial Affairs requires debtors to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of the bankruptcy case." This statement assists the creditors, trustee, and court in determining, among other things, priority among creditors.

■ ¶ 16 When a debtor files a bankruptcy action, all of her property becomes property of the bankruptcy estate. 11 U.S.C. § 541 (OCIS 2006). In fact, the debtor loses control over his or her assets, and the estate becomes subject to the control of the trustee. *Id.* at § 323. In the case of lawsuits or claims, the trustee, not the debtor, becomes vested as the real party in interest, with the debtor losing standing to prosecute or defend. *Coble v. Bowers,* 1990 OK CIV APP 109, ¶ 12, 809 P.2d 69, 71. More importantly, all the property of the bankruptcy estate continues to remain under the control of the trustee unless it is administered or otherwise abandoned. 11 U.S.C. § 554 (OCIS 2006).

¶ 17 Often a debtor fails to properly schedule assets. Unless they are administered or abandoned, assets which are not properly scheduled remain property of the bankruptcy estate. *Id.* at § 554(d). Failure to properly schedule a cause of action was discussed in *Leffew v. Kugler,* 220 B.R. 598, 602–03 (E.D.Tenn.1998):

A cause of action is a property right which automatically passes to the trustee in bankruptcy, even if such cause of action is not included in the debtor's schedules of property filed with the bankruptcy court. Only if the bankruptcy trustee formally abandons a claim pursuant to 11 U.S.C. § 554 does that claim revest in the debtor thereby enabling the debtor to bring suit in his own name. (Citations omitted).

*See also Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524 (8th Cir.1991); *Stein v. United Artists Corp.,* 691 F.2d 885 (9th Cir.1982). Thus, where a Chapter 7 debtor did not properly schedule her claim against her former husband and his employer for intentional infliction of emotional distress, the debtor's failure to properly disclose the tort claim deprived her of standing to pursue it following closure of her bankruptcy case. *Tilley v. Anixter Inc.,* 332 B.R. 501 (D.Conn. 2005). The rationale for this rule was explained in *Valley Federal Savings Bank v. Anderson,* 612 N.E.2d 1099, 1102 & 1103 (Ind.App.1993) (superceded on other grounds), wherein the court noted:

Once a cause of action becomes property of the bankruptcy estate, the debtor may not pursue the claim until it is abandoned by the estate. A property interest can be abandoned by the bankruptcy estate only if it has been listed in the debtor's schedule, has been disclosed to all the creditors, and is ordered abandoned by the bankruptcy court. Until scheduled by the debtor and abandoned by the trustee, such rights of action may not be pursued by the debtor.

. . .

[A contrary] result would amount to a fraud on both the creditors and the bankruptcy court.

*See also Monroe v. Cuna Mut. Ins. Soc'y,* 1999 WL 1078702 (W.D.Tenn.1999).

¶ 18 In this case, Plaintiff indisputably failed to *properly* schedule this lawsuit by listing it in her Schedule of Assets. Plaintiff cites *Wissman v. Pittsburgh National Bank,* 942 F.2d 867 (4th Cir.1991) for the proposition that she was not required to do so, arguing that the lawsuit could not be accurately valued and required additional investment of funds. However, *Wissman* does not support Plaintiff's contention since the *Wissman* debtor listed his lawsuit on his Schedule of Assets and merely failed to indicate a value thereof.

¶ 19 Plaintiff's later amendment of her Schedule of Financial Affairs clearly did not meet the statutory requirements for scheduling set forth in the Bankruptcy Code. Listing the lawsuit as a "pending" "civil" matter on the schedule did not provide the trustee with sufficient knowledge of the claim to allow him to determine whether it was an asset possessing value. As indicated above, failure to *properly* schedule the lawsuit left it as part of the bankruptcy estate and under the control of the trustee, even after the case was closed. 11 U.S.C. § 554 (OCIS 2006); *Tilley,* 332 B.R. 501 (D.Conn.2005). Furthermore, Plaintiff failed to present evidence indicating that the trustee abandoned this asset. As part of the response to Sunset's motion for summary judgment, Plaintiff's attorney filed a self-serving affidavit alleging that he fully informed the trustee of the lawsuit and received oral permission to proceed with it in Plaintiff's name. This affidavit is insufficient to suggest abandonment. Title 11 U.S.C. § 554 sets forth the procedure for abandoning property and requires "notice and a hearing," which Plaintiff candidly admits did not occur in this case. Moreover, the general

rule is that there must be some authoritative action on behalf of the trustee or court to abandon property of the estate. *See, e.g., Hickman v. First State Bank of Cordele (In re Motley),* 10 B.R. 141 (Bkrtcy.M.D.Ga. 1981). At best, even if it is considered, Plaintiff's attorney's affidavit is ambiguous, and could be construed as an indication that the trustee had no intention of abandoning this asset. The evidentiary material fails to raise a dispute on this issue.

¶ 20 Based upon the evidentiary material presented, we find no substantial controversy as to any material fact. We conclude, as the trial court did, that Plaintiff failed to properly schedule the lawsuit in her bankruptcy action and failed to present sufficient evidentiary material to suggest that the lawsuit was an asset abandoned by the trustee. For these reasons, we conclude that Plaintiff was not the real party in interest, Sunset's motion for summary judgment was properly granted,[5] and Plaintiff's motion to set aside was properly denied.

## CONCLUSION

¶ 21 For the reasons set forth above, the trial court's denial of Plaintiff's motion to set aside the summary judgment is hereby affirmed.

¶ 22 AFFIRMED.

RAPP, V.C.J., and REIF, J., concur.

---

**5.** 12 O.S.2001 § 2017A provides that "[n]o that action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...." We find that the one-month period between filing of the motion for summary judgment and the granting thereof was a reasonable time for Plaintiff to have obtained ratification, joinder or substitution of the trustee. Furthermore, Plaintiff's failure to raise this issue as error in either her response to Sunset's motion for summary judgment or in her own motion to set aside constitutes a waiver of the issue.