2013 OK CIV APP 85

**SOMETHING MORE, LLC d/b/a Hall's IGA and Greg Hall, Plaintiffs/Appellants,**

v.

**WEATHERFORD NEWS, INC. d/b/a Weatherford Daily News, Defendant/Appellee.**

Nos. 110655, 110912.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 7, 2013.

Rehearing Denied July 26, 2013.

Darrell Latham, Latham, Nelson & Associates, PLLC, Altus, Oklahoma, for Plaintiffs/Appellants.

Michael Minnis, Doerner, Saunders, Daniel & Anderson, L.L.P., Oklahoma City, Oklahoma, for Defendant/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiffs/Appellants Something More, LLC d/b/a Hall's IGA and Greg Hall appeal summary judgment entered in favor of Defendant/Appellee Weatherford News, Inc. d/b/a Weatherford Daily News. After *de novo* review, we hold that Weatherford Daily News is entitled to summary judgment against Greg Hall based on judicial estoppel. However, there is a substantial controversy as to whether Something More, LLC was a party to the contract with Weatherford Daily News. We affirm in part, reverse in part and remand for further proceedings on Something More's claims.

¶ 2 Weatherford Daily News and Hall IGA Superthrift, a grocery store in Weatherford, Oklahoma, entered into a written advertising agreement (Preprint Agreement) November 1, 2002. According to the Preprint Agreement, Weatherford Daily News was to insert into its newspapers brochures provided by Hall's IGA. Something More and Greg Hall originally filed a petition against Weatherford Daily News in Jackson County, Oklahoma, January 21, 2005 and alleged that in February 2003, they discovered that many of the brochures were not used and had been discarded in waste dumpsters. The petition asserted claims for, *inter alia*, breach of contract, fraud, and tortious interference with business relations. Greg Hall filed for chapter 7 bankruptcy in United States Bankruptcy Court for the Southern District of Texas October 15, 2005. Greg Hall's debt was discharged February 23, 2006. The Jackson County case was dismissed without prejudice May 20, 2010 due to improper venue. Something More and Greg Hall filed this lawsuit in Custer County, Oklahoma, January 28, 2011 and asserted essentially the same claims.

¶ 3 Weatherford Daily News filed a motion for summary judgment. In its written decision March 23, 2012, the trial court found that judicial estoppel applied and granted summary judgment in favor of Weatherford Daily News and against Something More and Greg Hall. The trial court explained that during personal bankruptcy proceedings, Greg Hall did not disclose that he was a

party to a pending lawsuit and he failed to disclose his interest in Something More. The court determined that Greg Hall's failure to disclose that information was not excused by his belief that he told his bankruptcy attorney about the pending lawsuit. The trial court entered judgment in favor of Weatherford Daily News April 6, 2012. Something More and Greg Hall appeal.

¶ 4 We review the trial court's grant of summary judgment *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. We, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Id.* Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2011, Ch. 2, App. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group*, 1999 OK 7 ¶ 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing summary judgment. *Vance v. Fed. Nat'l Mortgage Ass'n*, 1999 OK 73, ¶ 6, 988 P.2d 1275, 1278.

¶ 5 We affirm summary judgment in favor of Weatherford Daily News and against Greg Hall based on judicial estoppel. Oklahoma recognizes the doctrine of judicial estoppel:

> [The doctrine of judicial estoppel] provides that a party who has knowingly assumed a particular position dealing with matters of fact is estopped from assuming an inconsistent position to the detriment of the adverse party. The doctrine applies to inconsistent positions assumed in the course of the same judicial proceeding or in subsequent proceedings where the parties and questions are identical. The doctrine's purpose is "to protect the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." The doctrine applies only to

> prevent a party from advancing a position inconsistent with a court's determination of a matter of fact made by the court on the basis of that party's assertions. It does not prevent a party from asserting a legal theory contrary to one advanced earlier in litigation.

*Bank of the Wichitas v. Ledford*, 2006 OK 73, ¶ 23, 151 P.3d 103, 112 (footnotes omitted). The Supreme Court of Oklahoma has not specifically addressed whether the doctrine of judicial estoppel prevents a party from pursuing a lawsuit for damages if he or she failed to disclose the pending lawsuit in bankruptcy proceedings. The Tenth Circuit Court of Appeals has determined that judicial estoppel applies when a plaintiff fails to disclose a pending lawsuit as a potential asset of the estate in his bankruptcy filings, receives a discharge of his debts in bankruptcy, and then seeks to prosecute his undisclosed damages suit. *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156–60 (10th Cir.2007).

¶ 6 Here, Greg Hall failed to disclose the lawsuit pending in Jackson County, Oklahoma, as a potential asset of the estate in bankruptcy filings. Greg Hall received a discharge of his debts in bankruptcy, and then he sought to prosecute the undisclosed action for damages in Custer County, Oklahoma. Furthermore, we are not persuaded by Greg Hall's argument that judicial estoppel should not apply because he told his bankruptcy attorney about this lawsuit against Weatherford Daily News. *See Eastman*, 493 F.3d at 1157 (citing *Cannon–Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir.2006)) (noting that bad legal advice does not relieve the client of the consequences of his or her own acts). Greg Hall benefitted from the bankruptcy proceedings by having his debts discharged.

¶ 7 We agree with the reasoning in *Eastman* and hold that Greg Hall's claim is barred by judicial estoppel. The judgment against Greg Hall is affirmed.

¶ 8 However, nothing in the record indicates Something More, LLC filed for bankruptcy or made fraudulent or false statements about its financial affairs to a bankruptcy court. Therefore, Something

More, LLC's claims are not barred by judicial estoppel, and judgment against it is reversed.

■ ¶ 9 We reverse summary judgment in favor of Weatherford Daily News and against Something More, LLC d/b/a Hall's IGA. On its face, the Preprint Agreement was between Weatherford Daily News and "Hall IGA Superthrift, advertiser." Greg Hall signed the Preprint Agreement "For the Advertiser," i.e., Hall IGA Superthrift. Something More, LLC was not named in the Preprint Agreement. This lawsuit was filed by Something More, LLC d/b/a Hall's IGA and Greg Hall.

¶ 10 Weatherford Daily News argues that it did not know Something More, LLC existed until it was served with summons in the Jackson County lawsuit July 29, 2005. Weatherford Daily News asserts that Something More was not a party to the Preprint Agreement; rather, the Preprint Agreement was between Weatherford Daily News and Greg Hall d/b/a "Hall IGA Superthrift." Weatherford Daily News suggests that Greg Hall is the sole party in interest, and Something More, LLC lacks standing to bring this lawsuit. Greg Hall testified that he is a member of Something More, LLC, but Weatherford Daily News argues there is no documentation that Something More ever acted as a limited liability company, that Greg Hall was a member, or that Greg Hall was an authorized agent of Something More.

¶ 11 Something More argues that Greg Hall entered into the Preprint Agreement on behalf of Something More, LLC d/b/a Hall's IGA Superthrift. Something More asserts that the Preprint Agreement was between Weatherford Daily News and the entity Hall's IGA Superthrift, not Hall individually. It proposes that Hall's IGA Superthrift was Something More, LLC's trade name, and Greg Hall signed the Preprint Agreement as an agent of Something More, LLC. Something More admits that Hall's IGA Superthrift, rather than Something More, LLC, was named in the Preprint Agreement. Something More asserts that Hall's IGA Superthrift was the name under which Something More, LLC did business and, therefore, Something More was effectively a party to the Preprint Agreement even though it was not named therein. Something More argues that even if it was an undisclosed principal, the acts of the agent bind the principal.

■ ¶ 12 It appears Something More, LLC was an undisclosed principal.[1] When a contract is executed by an agent in his own name, the undisclosed principal may maintain a suit and enforce the contract on its own behalf. See Shenners v. Adams, 1915 OK 268, 148 P. 1023, 1025; Eldridge v. Finnegar, 1909 OK 270, 105 P. 334, 336.[2] The Restatement (Third) of Agency provides:

> When an agent acting with actual authority makes a contract on behalf of an undisclosed principal,
>
> (1) unless excluded by the contract, the principal is a party to the contract;
>
> (2) the agent and the third party are parties to the contract; and
>
> (3) *the principal, if a party to the contract, and the third party have the same rights, liabilities, and defenses against each other as if the principal made the contract personally,* subject to §§ 6.05–6.09.

Restatement (Third) of Agency § 6.03 (2006) (emphasis added). There is a material dispute as to whether the "Advertiser" in the Preprint Agreement was Greg Hall, an individual d/b/a Hall IGA Superthrift, or Something More, LLC. Because there is a substantial controversy as whether Something More was a party to the Preprint Agreement, Weatherford Daily News is not entitled to summary judgment against Something More. The judgment against

---

1. "Undisclosed principal. A principal is undisclosed if, when an agent and a third party interact, the third party has no notice that the agent is acting for a principal." Restatement (Third) of Agency § 1.04(1)(b) (2006).

2. "When the agreement is executed by an agent in his own name ... the principal may maintain a suit and enforce the contract, and it is immaterial whether the principal was actually known during the transaction, or whether the other party supposed that he was dealing with the agent personally, entirely on his own behalf." *Choate v. Stander,* 1916 OK 903, 160 P. 737, 739 (quoting *Shenners v. Adams,* 1915 OK 268, 148 P. 1023, 1025).

Something More is reversed and remanded for further proceedings on Something More's claims against Weatherford Daily News.

¶ 13 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

JOPLIN, C.J., and BELL, J., concur.