BIRR v. HAMPTON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BIRR v. HAMPTON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BIRR v. HAMPTON
2021 OK CIV APP 9
484 P.3d 1030
Case Number: 118731
Decided: 03/01/2021
Mandate Issued: 03/31/2021
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2021 OK CIV APP 9, 484 P.3d 1030

 

RANDALL BIRR, Plaintiff/Appellant,
v.
NORMA HAMPTON, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE WILLIAM D. LAFORTUNE, TRIAL JUDGE

AFFIRMED

Mark S. Stanley, STANLEY & MORGAN, Tulsa, Oklahoma, for Plaintiff/Appellant

Galen L. Brittingham, John S. Gladd, Kristopher K. McVay, Ashley A. Janzen, ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLADD & FIASCO, Tulsa, Oklahoma, for Defendant/Appellee

JOHN F. FISCHER, VICE-CHIEF JUDGE:

¶1 Appellant Randall Birr appeals the district court's order granting summary judgment and denying his motion to vacate in this personal injury case. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Because Birr failed to disclose this lawsuit to the Bankruptcy Court when he filed his Chapter 7 Petition, the lawsuit is and remains an asset of the bankruptcy estate. The record does not establish that the lawsuit, as an asset of the bankruptcy estate, has been abandoned. Consequently, Birr lacks standing to pursue his personal injury claim. We affirm the district court's judgment dismissing Birr's case and its order denying his motion to vacate that judgment.

BACKGROUND

¶2 Randall Birr filed a negligence action against Norma Hampton, alleging that Hampton negligently operated her vehicle and struck another vehicle with such force that the vehicle struck Birr. Hampton filed a motion for summary judgment, alleging that Birr filed for Chapter 7 bankruptcy approximately 2 months after filing his negligence action and failed to disclose the negligence claim to the bankruptcy court. The district court granted the motion, finding that Birr lacked standing as the real party in interest and that his claims were barred under the doctrine of judicial estoppel. Birr filed a motion to vacate, asserting judicial estoppel was inapplicable and that he cured his lack of standing by filing amended schedules and statement of affairs in his bankruptcy case. The district court denied the motion to vacate and Birr appeals.

STANDARD OF REVIEW

¶3 Title 12 O.S.2011 § 2056 governs the procedure for summary judgment in this case. A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." 12 O.S.2011 § 2056(C). When deciding a motion for summary judgment, the district court considers factual matters but the ultimate decision is purely legal. Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051. The de novo standard controls an appellate court's review of a district court order granting summary judgment. Id. De novo review involves a plenary, independent, and non-deferential examination of the trial court's rulings of law. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100.

¶4 "The standard of review for a timely granted § 1031.1(A) motion [to vacate] is whether sound discretion was exercised on sufficient cause shown to vacate, modify, open or correct the earlier decision or to refuse the relief sought." Neumann v. Arrowsmith, 2007 OK 10, ¶ 9, 164 P.3d 116 (footnote omitted).

ANALYSIS

¶5 The motion for summary judgment and the district court order granting the motion were based on two issues: (1) whether Birr lacks standing to pursue his personal injury claim; and (2) whether the doctrine of judicial estoppel is applicable to bar Birr's claims. We address each issue in turn.

I. Standing

¶6 The district court found that Birr lacked standing to pursue his personal injury claim due to his status as a debtor in bankruptcy. Oklahoma caselaw is consistent with this view. The Court of Civil Appeals has considered the issue twice. In Coble v. Bowers, 1990 OK CIV APP 109, 809 P.2d 69, this Court held that when a person files for bankruptcy protection, any pending claim against a party "[is] no longer under his personal control, but rather [becomes] an asset of the bankruptcy estate." Id. ¶ 12 (citation omitted).

As such, the Chapter 7 trustee has the duty to collect and reduce to money the estate's property, and the right to pursue prosecution of the action. Until and unless the trustee abandons the claim, the debtor has no standing to prosecute on his own behalf, as he is in no longer the real party in interest.

Id. (citations omitted).

¶7 In Abibo v. Sunset Mortgage Company, L.P., 2007 OK CIV APP 17, 154 P.3d 715, the plaintiff admitted that she did not properly schedule her lawsuit for claims of fraud and conversion as an asset prior to her bankruptcy discharge. She later amended the Statement of Financial Affairs to include the lawsuit. This Court restated its prior holding in Coble, and also found that:

Listing the lawsuit as a "pending" "civil" matter on the schedule did not provide the trustee with sufficient knowledge of the claim to allow him to determine whether it was an asset possessing value. . . . [F]ailure to properly schedule the lawsuit left it as part of the bankruptcy estate and under the control of the trustee, even after the case was closed.

Abibo, 2007 OK CIV APP 17, ¶ 19 (emphasis in original) (citation omitted). The Abibo Court further explained that "[w]hen a debtor files a bankruptcy action, all of her property becomes property of the bankruptcy estate." Id. ¶ 16 (citing 11 U.S.C. § 541 (2018)). The bankruptcy estate is subject to the control of the trustee and the trustee is vested as the real party in interest for lawsuits or legal claims. "More importantly, all the property of the bankruptcy estate continues to remain under the control of the trustee unless it is administered or otherwise abandoned." Id. (citing 11 U.S.C. § 554 (2018)).

¶8 The facts in this case are indistinguishable from Coble and Abibo. Birr does not dispute that he failed to include his personal injury pending action in his Schedule of Assets or Statement of Financial Affairs when he filed for bankruptcy in May 2018. However, his lawsuit became part of the bankruptcy estate regardless of his failure to properly schedule it. See Abibo ¶ 17 (citing 11 U.S.C. § 554(d) (2018)). The district court found that the undisputed facts do not support a finding that the trustee abandoned the lawsuit as property of the estate. As such, Birr is not the real party in interest and lacks standing to bring suit.

II. Judicial Estoppel

¶9 Oklahoma recognizes the equitable doctrine of judicial estoppel. Something More, LLC v. Weatherford News, Inc., 2013 OK CIV APP 85, ¶ 5, 310 P.3d 1106 (quoting Bank of the Wichitas v. Ledford, 2006 OK 73, ¶ 23, 151 P.3d 103 (footnotes omitted)). See also Eastman v. Union Pac. R.R. Co., 493 F.3d 1151 (10th Cir. 2007).

[The doctrine of judicial estoppel] provides that a party who has knowingly assumed a particular position dealing with matters of fact is estopped from assuming an inconsistent position to the detriment of the adverse party. The doctrine applies to inconsistent positions assumed in the course of the same judicial proceeding or in subsequent proceedings where the parties and questions are identical. The doctrine's purpose is "to protect the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment."

Bank of the Wichitas v. Ledford, 2006 OK 73 ¶ 23 (footnotes omitted) (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982); U.S. v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993)).

¶10 The Court of Civil Appeals considered a factually similar case in Something More, LLC v. Weatherford News, 2013 OK CIV APP 85, 310 P.3d 1106. The plaintiff brought suit for breach of contract, fraud, and tortious interference with business relations in Jackson County, Oklahoma in January 2005. The plaintiff filed for Chapter 7 bankruptcy in the Southern District of Texas in October 2015 and failed to disclose his pending lawsuit. The plaintiff's debt was discharged in 2006 and his Jackson County lawsuit was dismissed without prejudice for improper venue in 2010. Plaintiff refiled his lawsuit in Custer County in 2011, asserting identical claims. The appellate court affirmed summary judgment in favor of the defendant relying on a factually similar case from the Tenth Circuit. Eastman v. Union Pac. R.R. Co., 493 F.3d 1151 (10th Cir. 2007) (holding that judicial estoppel applies when a plaintiff fails to disclose a pending lawsuit as a potential asset of the estate in bankruptcy filings, receives a discharge of his debts in bankruptcy, and then seeks to prosecute his undisclosed damages suit).

¶11 The facts in this case are indistinguishable from those in Something More and Eastman. Birr filed his negligence suit in March 2018. Birr filed for Chapter 7 bankruptcy in May 2018 and failed to disclose the negligence claims on his schedules and statement of affairs. Birr's debts were discharged in August 2018 and his bankruptcy case was closed soon after. Birr amended his bankruptcy schedules on February 18, 2019, after Hampton filed her motion for summary judgment. The district court's order states: "this Court finds it inconceivable that the Plaintiff, on May 17, 2018 when he filed his bankruptcy petition, did not understand he had a personal injury action pending for over three (3) months and did not disclose it."

¶12 "Three factors 'typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case . . . .'" Queen v. TA Operating, LLC, 734 F.3d 1081, 1087 (10th Cir. 2013) (quoting New Hampshire v. Maine, 532 U.S. 742, 743, 121 S. Ct. 1808, 1811 (2001)). First, the party's subsequent position must be "'clearly inconsistent' with its former position." Eastman, 493 F.3d at 1156 (quoting New Hampshire, 532 U.S. at 750, 121 S. Ct. 1808). Second, the party must successfully convince a court to accept its former position. Id. "Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped." Id. (citation omitted) (footnote omitted).

¶13 The district court found that Birr satisfied all three factors. We agree with this analysis. First, Birr's position in bankruptcy court was inconsistent with his position in district court because he represented to his creditors that he had no pending lawsuit while pursuing a negligence suit for his own benefit. See Paup v. Gear Prods., Inc., 327 Fed.Appx. 100, 106 (10th Cir. 2009).

¶14 Second, Birr successfully convinced the bankruptcy court to accept his former position. The fact that Birr amended his bankruptcy schedules has no bearing on this finding. The Eastman Court found that to allow a plaintiff to "back up and benefit from reopening of his bankruptcy only after his omission had been exposed" would suggest that disclosure of assets is advisable only when a debtor is caught concealing them. Eastman, 493 F.3d at 1160 (citation omitted). Withholding information from the bankruptcy court "gives rise to 'the obvious perception' that the bankruptcy court was misled." Paup, 327 Fed.Appx. at 107 (quoting Eastman, 493 F.3d at 1159)). "This perception is made even more apparent because [plaintiff] disclosed her . . . claim to her creditors and the bankruptcy court only when her failure to do so was revealed by [defendant's] summary judgment motion." Id. The facts in this case are indistinguishable from Eastman and Paup. Birr misled the bankruptcy court when he failed to disclose his negligence action and only amended his bankruptcy filings after Hampton's motion for summary judgment brought the matter to the court's attention. Birr's discharge in bankruptcy supports our finding that he successfully convinced the bankruptcy court to accept his former position.

¶15 Finally, we find that Birr gained an unfair advantage because he received the benefit of discharging his debts without disclosing a potential asset to the bankruptcy court. See Queen v. TA Operating, LLC, 734 F.3d 1081, 1092 (10th Cir. 2013). "[A]ny other result would encourage debtors to disclose assets only when they are 'caught concealing them.'" Paup, 327 Fed.Appx. at 108 (quoting Eastman, 493 F.3d 1151, 1160 (10th Cir. 2009)).

III. Motion to Vacate

¶16 Birr also appeals the district court's denial of his motion to vacate. His motion alleged that the bankruptcy court "released, closed and abandoned" his interest in the personal injury lawsuit. Therefore, he reasoned, the standing issue was cured and no unfair advantage was gained. The district court was unpersuaded and so are we.

¶17 There is no evidence in the record regarding abandonment of the asset except for the amended final report which states, "Assets Abandoned (without deducting any secured claims): $ 0.00." Birr claims that this language proves the bankruptcy court abandoned the asset. This argument is wholly without merit. The bankruptcy trustee's abandonment of any asset belonging to the bankruptcy estate cannot be assumed and must be affirmatively demonstrated in the record. Abibo v. Sunset Mortg. Co., L.P., 2007 OK CIV APP 17, ¶ 19, 154 P.3d 715. The evidentiary material fails to raise a dispute on the abandonment issue. As such, we find no abuse of discretion in the district court's denial of Birr's motion to vacate.

CONCLUSION

¶18 We find that Birr failed to disclose his personal injury lawsuit to the bankruptcy court. Because of this omission, the lawsuit remains an asset of the bankruptcy estate. Consequently, Birr lacks standing to pursue that lawsuit for his own personal benefit. We find that the district court properly applied the doctrine of judicial estoppel. For these reasons, we find that Hampton's motion for summary judgment was properly granted and Birr's motion to vacate was properly denied.

¶19 AFFIRMED.

HIXON, P.J., and RAPP, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1990 OK CIV APP 109, 809 P.2d 69, 62 OBJ 1332, Coble v. Bowers
Discussed
 2007 OK CIV APP 17, 154 P.3d 715, ABIBO v. SUNSET MORTGAGE COMPANY L.P.
Discussed at Length
 2013 OK CIV APP 85, 310 P.3d 1106, SOMETHING MORE, LLC v. WEATHERFORD NEWS, INC.
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2006 OK 73, 151 P.3d 103, BANK OF THE WICHITAS v. LEDFORD
Discussed at Length
 2007 OK 10, 164 P.3d 116, NEUMANN v. ARROWSMITH
Discussed
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2056, Motion for Summary Judgment
Discussed


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA